JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Jake Harris appeals from the sentence and fine imposed upon him after he entered a guilty plea to one count of involuntary manslaughter.
 {¶ 2} Appellant argues his sentence to the maximum term of incarceration should be reversed because the trial court failed to make the necessary findings, state its reasons, and discuss the proportionality of the imposition of that term. Appellant further argues the trial court improperly imposed upon him the maximum fine for the conviction.
 {¶ 3} Upon a review of the record, however, this court cannot find the trial court's decisions constituted error. Therefore, appellant's sentence and fine are affirmed.
 {¶ 4} Appellant originally was indicted in this case with a co-defendant, DeVaughn McQueen. The indictment charged appellant with four counts, viz., two counts of aggravated murder with felony murder and firearm specifications, one count of aggravated robbery with a firearm specification, and one count of kidnapping with a firearm specification. The charges related to the December 9, 2002 shooting of Victor Brown.
 {¶ 5} The record reflects that after McQueen lost money to Brown during a game of dice, McQueen returned to confront him with a gun appellant had provided. Brown refused to return the money; with appellant nearby stating several times that the gun contained a bullet in its chamber, McQueen shot Brown in the back when he attempted to flee and killed him.
 {¶ 6} Appellant subsequently entered into a plea agreement with the state. In exchange for the state's amendment of count one to the lesser-included offense of involuntary manslaughter during the commission of a misdemeanor, its deletion of the specifications, and its dismissal of the remaining charges, appellant would change his plea to amended count one, a felony of the third degree, to guilty; appellant, further, agreed to cooperate with the state in the case against his co-defendant and in another pending criminal case.
 {¶ 7} The trial court held a hearing prior to accepting appellant's plea. During the colloquy, appellant indicated his understanding the potential maximum penalty for the crime of involuntary manslaughter as amended included a sentence of five years and a fine of $10,000. After accepting appellant's plea and dismissing the remaining charges, the trial court referred appellant to the probation department for a presentence report.
 {¶ 8} When appellant's case was called for sentencing, the trial court permitted the prosecutor, defense counsel, appellant, and the victim's father to speak before proceeding to sentence appellant.
 {¶ 9} The trial court initially observed that appellant had obtained a plea that changed the matter from "a death penalty case" to one that encompassed only a "one to five-year" term; thus, he had been "amply gifted * * * for his cooperation" with the state. The court, on the other hand, was required "to determine a sentence that will adequately protect the public, punish the offender and not demean the seriousness of the offense."
 {¶ 10} The trial court indicated its decision to impose the sentence that adequately addressed appellant's "participation in this crime." In its view, the victim might not have been killed that night "but for" appellant, who provided McQueen with the gun and repeatedly reminded him that it contained a bullet in the chamber.
 {¶ 11} Thereafter, the trial court stated its decision to impose the maximum term of five years; the term was "necessary to protect the public" given appellant's criminal record and his propensity for becoming "a witness to other murders even before this one." The trial court further stated:
 {¶ 12} "[A]ny other sentence other than the maximum here would be disproportionate to the sentence given for other murders and other participation in murders. It would also demean the seriousness of the offense. It is the most heinous form of the offense. Not only did [appellant] provide the gun, [he] provided assistance by being there, so [they] could outnumber the victim two to one.
 {¶ 13} * * * [Appellant's] participation was as if [his] finger was on the trigger."
 {¶ 14} The trial court found appellant was not a first offender, had not comported with the law in the past, violated probation numerous times, and provided the murder weapon with the bullet in the chamber that killed the victim. It concluded its remarks by stating:
 {¶ 15} "* * * [A]ny less of a sentence would demean the seriousness of the offense, would not adequately protect the public and would not properly punish the offender. [Appellant] also will serve * * * three years post-release control upon [his] release, during which time [he will] pay * * * a fine of $10,000. * * *"
 {¶ 16} Appellant now appeals his sentence and fine with the following three assignments of error:
 {¶ 17} "I. The trial court erred in imposing the maximum term of imprisonment without making the appropriate findings and reasons.
 {¶ 18} "II. The trial court failed to make a finding that the defendant's sentence is consistent with similarly situated offenders.
 {¶ 19} "III. The trial court erred in imposing a $10,000 fine as the appellant was adjudicated indigent and is unable to pay the financial sanction, either presently or in the future."
 {¶ 20} Appellant first argues the trial court failed to comply with statutory requirements in imposing a maximum sentence for his conviction for involuntary manslaughter. This argument is unpersuasive.
 {¶ 21} The trial court found appellant had committed the "most heinous" form of the offense. R.C. 2929.14 (C). It explained its decision by referring to appellant's role in supplying the weapon and in providing support to the killer. R.C.2929.19(B)(2)(d).
 {¶ 22} Appellant further challenges the "proportionality" of his sentence, contending the trial court failed to consider whether five years was consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 23} R.C. 2929.11(B), however, does not require the trial court to engage in an analysis on the record to determine whether defendants who have committed similar crimes have received similar punishments. Rather, the statute indicates the trial court's comments made at the hearing should reflect that the court considered that aspect of the statutory purpose in fashioning the appropriate sentence. State v. Edmonson,86 Ohio St.3d 324 at 326-327, 1999-Ohio-110. This court's review is limited to a determination of whether the sentence is contrary to law. State v. Haamid (June 28, 2001), Cuyahoga App. Nos. 78220, 78221.
 {¶ 24} Nothing in the record of this case supports a conclusion the trial court failed to engage in the analysis. Indeed, the trial court specifically mentioned proportionality; it later commented it found appellant's conduct to be particularly egregious. The trial court noted appellant had been involved at least as a witness previously in a murder, but nevertheless in this case provided a loaded gun to his irate co-defendant. Under these circumstances, the trial court believed the maximum term for appellant's conviction for involuntary manslaughter was appropriate.
 {¶ 25} The trial court's sentence in this case, therefore, will not be disturbed.
 {¶ 26} Appellant finally argues his fine is excessive. As support for this argument, he alludes to the fact that he was found indigent by the trial court for the purposes of receiving the services of assigned counsel on appeal. This court, however, does not find appellant's argument compelling.
 {¶ 27} Appellant was informed at his plea hearing that the trial court could impose "a possible fine of up to $10,000," but failed thereafter to request a hearing on his ability to pay a fine. R.C. 2929.18(E). A determination that the defendant is indigent does not preclude the trial court from imposing an otherwise lawful financial sanction during sentencing. State v.Johnson (1995), 107 Ohio App.3d 723, 728; State v. Coleman,
Cuyahoga App. No. 82394, 2004-Ohio-234.
 {¶ 28} Moreover, appellant did not object to the fine at the sentencing hearing when the trial court could have considered the issue. The issue was thus waived for purposes of appeal. Statev. Williams (1977), 51 Ohio St.2d 112.
 {¶ 29} Appellant's assignments of error, accordingly, are overruled.
 {¶ 30} Appellant's sentence and fine are affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. and Cooney, J. Concur.