JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Damon Gray ("Gray"), appeals his sentence. Finding no merit to the appeal, we affirm.
 {¶ 2} In March 2006, Gray was charged with receiving stolen property (a motor vehicle) and failure to comply with the order or signal of a police officer, with an additional finding of causing a substantial risk of serious physical harm. The matter proceeded to a jury trial, at which he was found guilty of failure to comply and the additional finding. In May 2006, the court sentenced Gray to four years in prison. The following evidence was presented at trial.
 {¶ 3} In the early morning hours of January 11, 2006, Officer Roach ("Roach") of the Cleveland Heights police was traveling on Hampshire Lane in Cleveland Heights, when a Toyota Land Cruiser operated by Gray drove toward him at a high rate of speed.[1] Roach followed Gray with the intent to pull him over as he proceeded the wrong way on Hampshire Lane. Gray failed to stop, however, and continued on Hampshire Lane and then onto Mayfield Road. Roach called for assistance and continued to follow Gray into Little Italy, where Gray lost control of the vehicle and crashed. Gray exited the vehicle and ran toward the nearby RTA tracks. Officer Ptacek ("Ptacek") responded to Roach's call that he was in pursuit of a stolen vehicle. Ptacek was advised over the police radio that Gray had crashed the vehicle and was heading on foot toward the RTA station. Gray was wearing a *Page 4 
dark jacket with a white reflective stripe across the shoulder. Ptacek hid near the RTA station and waited for Gray. From his position, he observed the officers pursuing Gray toward the RTA station because of the reflective stripe on Gray's jacket. Gray ran into the area where Ptacek was hiding, and Ptacek arrested him.
 {¶ 4} Gray now appeals, raising one assignment of error, in which he argues that he was deprived of his liberty without due process of law when he was sentenced under a judicially altered, retroactively applied, and substantially disadvantageous statutory framework.
 {¶ 5} Gray argues that the trial court erred when it sentenced him to more than the minimum prison term. He contends that State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, cannot be applied to him because of the due process and ex post facto clauses of the United States Constitution.
 {¶ 6} As we noted in State v. Mallette, Cuyahoga App. No. 87894,2007-Ohio-715, Foster addressed the constitutionality of sentences imposed pursuant to Senate Bill 2, which became effective July 1, 1996. Senate Bill 2 is applicable to all offenses committed on or after that date. See State v. Rush, 83 Ohio St.3d 53, 1998-Ohio-423,697 N.E.2d 634, certiorari denied (1999), 525 U.S. 1151, 119 S.Ct. 1052, 143 L.Ed.2d 58. Additionally, because Foster applies to all cases on direct review, Foster applies to the instant case.
 {¶ 7} In reviewing the federal and state ramifications ofFoster, we concluded in Mallette that the remedial holding ofFoster did not violate a defendant's due *Page 5 
process rights or the ex post facto principles of the United States Constitution because:
 "* * * Mallette [the defendant] had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed." Id.
 {¶ 8} Similarly, in the instant case, Gray had notice that the sentencing range was the same at the time he committed the offense as when he was sentenced. Moreover, the application of Foster did not judicially increase the range of his sentence. Therefore, we conclude that Foster did not deprive Gray of his liberty without due process or violate the ex post facto clause.
 {¶ 9} Therefore, we overrule the sole assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 6 
JAMES J. SWEENEY, P.J. and MELODY J. STEWART, J. CONCUR.
[1] The vehicle in question had been reported stolen several days earlier. *Page 1