JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, William Marshall ("appellant"), appeals from the sentences imposed upon his convictions for aggravated robbery, burglary, murder, and having a weapon while under a disability. For the reasons set forth below, we affirm.
 {¶ 2} On November 2, 2005, a jury found appellant guilty of the three counts of aggravated robbery, one count of aggravated burglary, and two counts of murder, as well as three-year firearm specifications on each of the underlying counts. The trial court found appellant guilty of having a weapon while under a disability.
 {¶ 3} The following day, the trial court sentenced appellant to 42 years to life in prison, credit with time served on the having a weapon while under disability count. More specifically, the trial court sentenced appellant to nine-year sentences on the three aggravated robbery counts and the single aggravated burglary count. In addition, the trial court sentenced appellant to 15 years to life for each of the two murder convictions. The nine years sentences were to be served concurrently with each other and concurrent to the murder sentences. The murder sentences were ordered to be served consecutively to one another. The three-year firearm specifications on each of the counts were ordered to be served consecutively to each other and consecutively to the underlying sentences. On November 21, 2005, appellant challenged his convictions as well as his sentence in a direct appeal to this court. In a decision dated November 30, 2006, this court affirmed his *Page 4 
convictions but vacated his sentence and remanded the case to the trial court for re-sentencing. See State v. Marshall, Cuyahoga App. No. 87334,2006-Ohio-6271. We determined that, because the three aggravated robbery, aggravated burglary, and two murder counts were part of the same transaction, the trial court erred in running the firearm specifications consecutively. Id. Rather, we held, the trial court may sentence appellant for only one three-year firearm specification. Id. Additionally, we held that appellant was sentenced under unconstitutional and now void statutory provisions and that he must be resentenced pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. Id. Accordingly, we vacated appellant's sentence and remanded the matter to the trial court for re-sentencing. Id.
 {¶ 4} Following our remand, the trial court imposed the original sentence except it merged the firearm specifications. More specifically, the trial court sentenced appellant to nine years for aggravated burglary, nine years on each of the three aggravated robbery convictions and fifteen years to life on the two murder convictions. The trial court ordered the nine year sentences to be served concurrently with one another and concurrent to the murder sentences. The trial court further ordered the murder sentences to be served consecutively to one another. A single merged firearm specification was to be served prior to and consecutive with the other sentence imposed. In total, appellant was sentenced to a total of 33 years to life in prison. *Page 5 
 {¶ 5} Appellant now timely appeals and asserts three assignments of error for our review. Appellant's first assignment of error states:
 {¶ 6} "Under current sentencing laws and, given the facts and circumstances surrounding this case, there is clear and convincing evidence that MARSHALL's sentence is excessive."
 {¶ 7} Within the first assignment of error, appellant argues that his sentence is excessive and that the trial court did not comply with the requirements of R.C. 2929.11 and 2929.12. He maintains he is entitled to a lesser sentence, such as concurrent sentences, for the murder convictions because he was not present at the robbery and only planned and/or drove the getaway car.
 {¶ 8} In February 2006, the Ohio Supreme Court in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, declared unconstitutional and severed those provisions of Ohio's felony sentencing statutes requiring "judicial fact-finding" before imposing a more than minimum, maximum, or consecutive sentences. Id. at paragraphs one and three of the syllabus (declaring R.C. 2929.14(B), (C), and (E)(4) unconstitutional). The Foster Court further held that, "[a]fter the severance, judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant" and "before imposition of consecutive prison terms." Id. at paragraphs two and three of the syllabus. Therefore, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or *Page 6 
give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 9} In exercising its discretion, however, the trial court must still consider R.C. 2929.11 and R.C. 2929.12 prior to imposing a sentence within the permitted statutory range. Foster, supra at 31; see, also, State v. Mathis, 109 Ohio St.3d 54, 62, 2006-Ohio-855,846 N.E.2d 1. When considering these statutes, the trial court need not articulate its consideration of each individual factor as long as it is apparent from the record that it contemplated the principles of sentencing. SeeState v. Watkins, Lucas App. No. L-05-1336, 2007-Ohio-92.
 {¶ 10} In the case sub judice, the trial court sentenced appellant within the statutory ranges provided by R.C. 2929.14. More specifically, appellant was sentenced to concurrent nine year sentences for each of the four first-degree felonies. First-degree felonies are punishable to three to ten years imprisonment. Additionally, the appellant was sentenced to two consecutive terms of murder within the statutory range of fifteen years to life. The murder convictions were ordered to be served consecutively to the first-degree felonies. Finally, the firearm specifications were ordered to be merged and to run concurrent to all charges as directed by this court in State v. Marshall, Cuyahoga App. No. 87334, 2006-Ohio-6271. Accordingly, the trial court imposed a sentence for each of the offenses that fell within the statutory range.
 {¶ 11} Additionally, a review of the transcript reveals that the trial court *Page 7 
considered the principles and purposes of sentencing as required by R.C.2929.11 and 2929.12 prior to levying appellant's sentence. At sentencing, the trial court stated:
 {¶ 12} "The court has considered the record, oral statements made today, the purposes and principles of sentencing, the seriousness and recidivism factors relevant to the offense and this offender, and the need for deterrence, incapacitation, rehabilitation and restitution."
 {¶ 13} Finally, we do not find appellant's sentence excessive. InState v. Davis, Highland App. No. 06CA21, 2007-Ohio-3944, the court reiterated the following:
 {¶ 14} "[W]e review a felony sentence under the abuse of discretion standard. Foster, at paragraph seven of the syllabus. See, e.g.,State v. Pace, Medina App. No. 06CA74-M, 2007-Ohio-1354, at P7;State v. Duff, Licking [App. No.] 06CA81, 2007-Ohio-1294, at P6. `The term abuse of discretion * * * connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' State v. Montgomery (1991),61 Ohio St.3d 410, 413, 575 N.E.2d 167, quoting State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144. `"An `abuse of discretion' has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant.Woosley v. United States (1973), 478 F.2d 139, 147. * * * Where the severity of the sentence shocks the judicial conscience or greatly *Page 8 
exceeds penalties usually exacted for similar offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate court's [sic] can reverse the sentence. Woosley, supra at 147. This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of [a] sentence in a particular case."' [State v. Elswick, Lake App. No. 2006-L-075, 2006-Ohio-7011] quoting State v. Firouzmandi, Licking App. No. 2006-CA-41, 2006-Ohio-5823, at P56."
 {¶ 15} Here, the trial court did not abuse its discretion in imposing non-minimum and consecutive sentences because, given the facts of this case, the sentence is not "greatly excessive under traditional concepts of justice" or "manifestly disproportionate to the crime of the defendant." See Davis, supra. As we previously stated in State v.Marshall, Cuyahoga App. No. 87334, 2006-Ohio-6271, appellant was extensively involved in the planning of the robbery. Additionally, he provided the guns that were used to shoot and kill the two victims. Moreover, after the incident, all the perpetrators met at appellant's nearby home and appellant divided the stolen money, taking $250.00 for himself. Given these facts, the trial court did not abuse its discretion in sentencing appellant to a prison term of 33 years to life. Appellant's first assignment of error is without merit.
 {¶ 16} Appellant's second assignment of error states:
 {¶ 17} "The trial court failed to engage in comparison analysis to determine if *Page 9 
MARSHALL's sentence was similar to those sentences given for similar crimes."
 {¶ 18} Appellant next complains that the trial court failed to make a finding that his sentence was consistent with similarly situated offenders. R.C. 2929.11(B) reads as follows:
 {¶ 19} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 20} The goal of felony sentencing pursuant to R.C. 2929.11(B) is to achieve "consistency" not "uniformity." State v. Klepatzki, Cuyahoga App. No. 81676, 2003-Ohio-1529. The court is not required to make express findings that the sentence is consistent with other similarly situated offenders. State v. Richards, Cuyahoga App. No. 83696, 2004-Ohio-4633; State v. Harris, Cuyahoga App. No. 83288,2004-Ohio-2854. This court has also determined that in order to support a contention that his or her sentence is disproportionate to sentences imposed upon other offenders, a defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal. State v. Woods, Cuyahoga App. No. 82789, 2004-Ohio-2700.
 {¶ 21} In this matter, appellant failed to present evidence to the trial court or to this court to indicate that his sentence is disproportionate to sentences given other *Page 10 
offenders who have committed these offenses, nor did he present evidence as to what a "proportionate sentence" might be. Therefore, he has not preserved the issue for appeal. Accordingly, appellant's second assignment of error is overruled.
 {¶ 22} Appellant's third assignment of error states:
 {¶ 23} "MARSHALL is entitled to a presumptive minimum sentence because a greater sentence would violate the Ex Post Facto and Due Process Clauses of the United States Constitution."
 {¶ 24} Within this assignment of error, appellant maintains that application of Foster to him, whose alleged criminal conduct pre-datesFoster, violates the Ex Post Facto Clause of Article I, Section 10, of the United States Constitution and the Due Process Clause of theFourteenth Amendment. We have addressed this issue on numerous occasions, each time finding no merit to the argument. State v.Ford, Cuyahoga App. No. 88236, 2007-Ohio-2645; State v. Lawwill, Cuyahoga App. No. 88251, 2007-Ohio-2627; State v. Parks, Cuyahoga App. No. 88671, 2007-Ohio-2518; State v. Gray, Cuyahoga App. No. 88238,2007-Ohio-2498; State v. McCollins, Cuyahoga App. No. 88657,2007-Ohio-2380.
 {¶ 25} In State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, we rejected the same argument presented by appellant here by stating the following:
 {¶ 26} "In the instant case, Mallette had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively apply a *Page 11 
new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding of Foster does not violate Mallette's due process rights or the ex post facto principles contained therein."
 {¶ 27} Subscribing to the conclusion reached in Mallette, supra, and the other cases cited, we find that the trial court did not violate appellant's due process rights or the ex post facto principles contained therein by imposing more than minimum or consecutive sentences. Appellant was sentenced within the same statutory range for each of the underlying felony convictions and within the range for the gun specifications that was in existence at the time he committed the crimes. He was at all times provided with fair warning of the sentence he could receive. Accordingly, appellant's third assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 12 
 ANTHONY O. CALABRESE, JR., P.J., and MELODY J. STEWART, J., CONCUR *Page 1