JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Jerome Eperson ("defendant"), appeals from an eight-year sentence imposed after he pled guilty to a number of offenses in CR-497463 and CR-492264 in the Cuyahoga County Court of Common Pleas. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On January 17, 2008, defendant pled guilty to 58 counts of burglary, vandalism, receiving stolen property, theft, and engaging in a pattern of corrupt behavior in CR-497463. On the same day, defendant also pled guilty in CR-492264, a two-count indictment for burglary and theft. The charges stemmed from a series of break-ins in University Heights, Ohio over a three-month period from October 2007 to December 2007.
 {¶ 3} On January 28, 2008, the trial court sentenced defendant to a total term of 8 years in prison for all of the offenses. It is from this sentence that defendant now appeals and raises one assignment of error for our review.
 {¶ 4} "I. The trial court failed to make a finding that the appellant's sentence is consistent with similarly situated offenders."
 {¶ 5} In his sole assignment of error, defendant argues that the trial court failed to make a finding that his sentence was consistent with similarly situated offenders.
 {¶ 6} R.C. 2929.11(B) states that a felony sentence must be "consistent with sentences imposed for similar crimes committed by similar offenders." However, the goal of felony sentencing is to achieve "consistency" not "uniformity." See State v. *Page 4 Marshall, Cuyahoga App. No. 89551, 2008-Ohio-1632; State v.Kepatzki, Cuyahoga App. No. 81676, 2003-Ohio-1529; State v.Richards, Cuyahoga App. No. 83696, 2004-Ohio-4633; State v. Harris, Cuyahoga App. No. 83288, 2004-Ohio-2854; State v. Dawson, Cuyahoga App. No. 86417, 2006-Ohio-1083 (although an offense may be similar, distinguishing factors may justify dissimilar treatment); State v.Nelson, Lake App. No. 2008-L-072, 2008-Ohio-5535 (no requirement that codefendants receive equal sentences).
 {¶ 7} This Court has previously determined that in order to support a claim that a sentence is disproportionate to sentences imposed upon other offenders, a defendant must raise the issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal. SeeState v. Marshall, supra at ¶ 20; State v. Woods, Cuyahoga App. No. 82789, 2004-Ohio-2700.
 {¶ 8} Here, the defendant failed to present any evidence to the trial court or this Court to indicate that his sentence is disproportionate to sentences given other offenders who have committed these same offenses. Indeed, defendant admits that at the time of this brief, none of the other codefendants had been sentenced by the trial court for their part in the offenses.[1] Moreover, a review of the indictment shows that the defendant is not "similarly situated" to the other codefendants. While the defendant was indicted on 58 counts, the other five codefendants were named in *Page 5 
less than 10 counts total. Specifically, Pereze Perry was named in only five counts, Shanna Love in nine counts, Lamar Jones in two counts, Mary Brown in five counts, and Robert Scott in two counts. Accordingly, even if defendant had properly preserved this issue for appeal, the record clearly indicates that his codefendants are not "similarly situated" for purposes of sentencing.
 {¶ 9} The sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and MARY J. BOYLE, J., CONCUR
[1] Defendant states in his brief that one codefendant is still awaiting trial, and four codefendants have applied for placement in the Cuyahoga County Pretrial Diversion Program. *Page 1