JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Pascual J. Calvillo ("appellant"), appeals his sentence, asserting the trial court erred in imposing maximum and consecutive sentences. For the reasons set forth below, we affirm.
 {¶ 2} On June 22, 2006, the trial court accepted appellant's guilty pleas in Case No. CR-464095 to one amended count of attempted burglary, a felony of the third degree, in violation of R.C. 2923.02 and 2911.12, and one count of theft with an elderly specification, also a third-degree felony, in violation of R.C. 2913.02.
 {¶ 3} On July 13, 2006, the trial court sentenced appellant to five years imprisonment for the attempted burglary conviction and five years imprisonment for the theft conviction. Additionally, because appellant failed to report to his parole officer for a conviction in Case No. CR-455060, stemming from a guilty plea entered for one count of burglary and one count of menacing by stalking, the court sentenced appellant to one year imprisonment for violating the community control sanctions imposed in that case. The court also imposed up to three years post release control. Finally, the court ordered all sentences to be served consecutively, for a total 11 year sentence.
 {¶ 4} Appellant now appeals and asserts one assignment of error for our review. Appellant's sole assignment of error states:
 {¶ 5} "The trial court erred when it sentenced appellant to maximum and consecutive sentences, which was inconsistent and disproportionate with similar Ohio cases and unwarranted given an appropriate consideration of the felony *Page 4 
sentencing statutes as applied to the facts of this case."
 {¶ 6} Within this assignment of error, appellant maintains that his sentences are contrary to law and that the trial court abused its discretion in sentencing appellant to maximum and consecutive sentences because he had never been sentenced to a prison term before. For the reasons set forth below, we find appellant's arguments without merit.
 {¶ 7} Recently, in State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912,896 N.E.2d 124, the Supreme Court of Ohio articulated a two-step approach to reviewing felony sentences. The Court stated:
 {¶ 8} "In applying Foster to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Kalish, supra at 23.
 {¶ 9} In the instant matter, we find that the trial court complied with all applicable rules and statutes in imposing appellant's sentences, and thus, the sentences are not contrary to law. The court accepted appellant's pleas of guilty to two felonies of the third degree, attempted burglary and theft with an elderly specification. The court sentenced appellant to five years imprisonment for both offenses, as well as a one year sentence for the violation of community control sanctions. These five-year and one-year sentences fell within the statutory ranges *Page 5 
provided in R.C. 2929.14.
 {¶ 10} Additionally, the trial court considered the principles and purposes of sentencing as required by R.C. 2929.11 and 2929.12 prior to levying appellant's sentences. Initially, we note that "where the trial court does not put on the record its consideration of R.C. 2929.11 and2929.12, it is presumed that the trial court gave proper consideration to those statutes." Kalish, supra at fn.4. Nevertheless, in appellant's judgment entry, the court expressly noted that it "considered all required factors of law. The court finds that prison is consistent with the purpose of R.C. 2929.11."
 {¶ 11} Moreover, the court properly applied postrelease control. Accordingly, appellant's sentences were not contrary to law.
 {¶ 12} We must next consider whether the trial court abused its discretion in sentencing appellant within the permissible range. A review of his sentencing transcripts indicate that the court gave careful consideration to the overriding principles and purposes of sentencing. At the hearing, the court observed that appellant had an extensive criminal history beginning in March of 1985 and including, among other crimes, one count of attempt to violate a temporary protection order, driving without a license, burglary, menacing by stalking, as well as numerous counts of driving while under the influence, domestic violence and disorderly conduct. Additionally, the court recognized appellant's repeated violations of prior probation requirements. The court also noted that appellant took advantage of the relationship of trust he had with the elderly victim. The court pointed out that *Page 6 
police discovered appellant's blood with his DNA on the filing cabinet where the money had been removed. Moreover, the court commented upon appellant's refusal to take responsibility for the crime and his lack of remorse. Finally, the court reiterated that appellant had violated community control sanctions. After reviewing the record and considering the foregoing, we conclude that the trial court did not abuse its discretion in sentencing appellant to maximum and consecutive prison terms.
 {¶ 13} Also within this assignment of error, appellant complains that his maximum and consecutive sentences were inconsistent and disproportionate with other similar cases. R.C. 2929.11(B) reads as follows:
 {¶ 14} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 15} The goal of felony sentencing pursuant to R.C. 2929.11(B) is to achieve "consistency" not "uniformity." State v. Klepatzki, Cuyahoga App. No. 81676, 2003-Ohio-1529. The trial court is not required to make express findings that the sentence is consistent with other similarly situated offenders. State v. Richards, Cuyahoga App. No. 83696, 2004-Ohio-4633; State v. Harris, Cuyahoga App. No. 83288,2004-Ohio-2854. Furthermore, an appellate court is required to review the record not to determine whether the trial court "imposed a sentence that is lockstep with others, *Page 7 
but whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although the offense[s] may be similar, distinguishing factors must justify dissimilar treatment." State v.Dawson, Cuyahoga App. No. 86417, 2006-Ohio-1083.
 {¶ 16} This court has also determined that in order to support a contention that his or her sentence is disproportionate to sentences imposed upon other offenders, a defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal. State v. Woods, Cuyahoga App. No. 82789, 2004-Ohio-2700.
 {¶ 17} In this matter, appellant failed to present evidence to the trial court to indicate that his sentence is disproportionate to sentences given other offenders who have committed these offenses, nor did he present evidence as to what a "proportionate sentence" might be. In fact, on December 4, 2006, appellant filed a motion for sentence modification, which the trial court denied. In that motion, appellant made no comparison between his sentences and those of other similarly situated offenders. Therefore, he has not preserved the issue for appeal. Accordingly, appellant's argument in this regard is without merit.
 {¶ 18} In light of the foregoing conclusions, we find that appellant's sentences were properly imposed and his sole assignment of error is overruled.
Judgment affirmed. *Page 8 
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY J. BOYLE, J. and JAMES J. SWEENEY, J., CONCUR. *Page 1