[Cite as *State v. Carter*, 2013-Ohio-375.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 98579 and 98580

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL CARTER

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-558226 and CR-558321

**BEFORE:**   Jones, P.J., Keough, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   February 7, 2013

**ATTORNEY FOR APPELLANT**

John A. Fatica
The Standard Building
1370 Ontario Street
Suite 1810
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: William Leland
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.

{¶2} Defendant-appellant, Michael Carter appeals the trial court's imposition of consecutive sentences.   We affirm.

I.   Procedural History and Facts

{¶3} Carter was charged with crimes in two separate cases.   In May 2012, he pled guilty to drug possession as charged in Case No. CR-558226, and an amended charge of aggravated assault in Case No. CR-558321.

{¶4} The record reveals that, relative to the aggravated assault, Carter assaulted the victim, with whom he had been friends, as the two worked on a construction site.   The victim cut one of Carter's cable lines and Carter "overreacted."   Carter maintained that the victim intentionally cut the line.   The victim's lip was split during the assault and it required him to get several stitches.

{¶5} In regard to the drug possession charge, the record reveals that the police responded to Carter's residence and found that he and his codefendant in that case were smoking PCP while their two minor children were in the home.

{¶6} The trial court sentenced Carter to the maximum term of 12 months on the drug possession and the maximum term of 18 months on the aggravated assault, and ordered that the terms be served consecutively.   Carter's sole assignment of error reads as follows:   "The trial court abused its discretion by imposing maximum, consecutive

sentences in this case while disregarding several factors favorable to appellant."

## II. Law and Analysis

{¶7} The Ohio Supreme Court has identified a two-step process for appellate review of felony sentences. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 14. First, we must determine whether a sentence is contrary to law. *Id*. Then, if the sentence was not contrary to law, we review to determine whether the trial court abused its discretion in selecting sentences within the range permitted by statute. *Id*. at ¶ 17.

{¶8} With the enactment of Am.Sub.H.B. No. 86, effective September 30, 2011, the General Assembly has revived the requirement that trial courts make findings before imposing consecutive sentences under R.C. 2929.14(C). *State v. Bonner*, 8th Dist. No. 97747, 2012-Ohio-2931, ¶ 5. Under R.C. 2929.14(C)(4), in imposing consecutive sentences, the trial court must first find the sentence is necessary to protect the public from future crime or to punish the offender. Next, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.

{¶9} Finally, the trial court must find that at least one of the following applies: (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the

harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} A trial court is not required to use "talismanic words to comply with the guidelines and factors for sentencing." *State v. Brewer*, 1st Dist. No. C-000148, 2000 Ohio App. LEXIS 5455, *10 (Nov. 24, 2000). It must, however, be clear from the record that the trial court actually made the findings required by statute. *State v. Pierson*, 1st Dist. No. C-970935, 1998 Ohio App. LEXIS 3812 (Aug. 21, 1998). A trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria. *See State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131.

{¶11} In sentencing Carter, the trial court stated the following:

[L]et[']s start with your record. * * * let[']s just summarize it. * * * You have a record as a juvenile, you have a multiple felony record as an adult. * * * You have multiple misdemeanors.[1] * * *

So in your aggravated assault case you busted the lip of someone you knew for whatever reason, I don't know. And then a month and-a-half later you were arrested in your own apartment in the presence of your two minor children possessing PCP. Mr. Carter, I do not find that you would be amenable to community control in either of these cases. In 558321, I'm going to sentence you to 18 months * * * to run consecutive to a 12-month

---

[1]The trial court listed 14 felony convictions (all drug related) Carter had from 1994 through 2007, and several "significant" misdemeanor convictions.

sentence in Case 558226. I find consecutive sentences are not disproportionate to the crimes involved here. PCP in front of minor children is not something taken lightly by this court. And I'm guessing you were on PCP when you acted violently towards your friend. You have * * * an eight-page criminal history. It is clear that consecutive terms are needed to protect the public and to protect the children from basically yourself.

{¶12} On this record, we find that the trial court complied with the statutory requirements for imposing consecutive sentences. In regard to the first finding, that consecutive sentences are necessary to protect the public from future crime or to punish the offender, the trial court found that it was "clear that consecutive terms are needed to protect the public and to protect the children from basically yourself."

{¶13} Relative to the second finding, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, the trial court found that "consecutive sentences are not disproportionate to the crimes involved here."

{¶14} The trial court also made the final finding under R.C. 2929.14(C), which is at least one of three findings. One of the findings is that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. The trial court detailed Carter's extensive criminal history on the record and found that it was "clear that consecutive terms are needed to protect the public and to protect the children from basically yourself."

{¶15} In light of the above, the trial court made the required findings for the imposition of consecutive sentences and, therefore, satisfied the first prong under *Kalish*.

We next consider the second prong under *Kalish*, whether the trial court's sentence was an abuse of discretion. Carter contends that the trial court did not give enough weight to the mitigating factors. We disagree.

{¶16} Some of the mitigating circumstances that Carter cites, for example, relate to him admitting that he needed help for his substance abuse and that he had been accepted into a community-based correctional facility where he could get treatment. The record reflects that at the plea hearing, the trial court referred Carter to be assessed for his eligibility for a community-based correctional facility. The court also referred Carter for a presentence investigation. Thus, the trial court at least considered the option of community control sanctions, but after reviewing the presentence investigation report, decided that Carter's extensive criminal history did not make him amenable for such a sanction. We do not find that decision unreasonable or unconscionable.

{¶17} Carter also cites, as mitigating factors not afforded proper weight by the trial court, that he was provoked in the assault case and the victim in that case did not want Carter incarcerated. But the crime of aggravated assault, to which Carter pled guilty, by definition, contemplates that the offender was provoked. Specifically, R.C. 2903.12 provides that "[n]o person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly * * * [c]ause serious physical harm to another * * *." Thus, that Carter was provoked into assaulting his victim was an element of the crime and was already considered as a

mitigating factor, in that he was convicted of aggravated assault rather than felonious assault, as originally indicted.

**{¶18}** Further, although the trial court must consider the impact of an offender's crimes on the victim, the governing statute does not make any provision for consideration of the victim's sentencing recommendation to the court. (*See* R.C. 2947.051, entitled "Victim impact statement to be considered in imposing sentence.")

**{¶19}** Finally, we consider Carter's contention that the trial court abused its discretion in sentencing him to a prison term because his codefendant in the drug possession case was placed in the drug court program. This court has addressed the issue of consistency in sentencing, stating:

> The goal of felony sentencing pursuant to R.C. 2929.11(B) is to achieve "consistency" not "uniformity." *State v. Klepatzki*, [8th Dist.] No. 81676, 2003-Ohio-1529. The court is not required to make express findings that the sentence is consistent with other similarly situated offenders. *State v. Richards*, [8th Dist. No.] 83696, 2004-Ohio-4633; *State v. Harris*, [8th Dist.] No. 83288, 2004-Ohio-2854. This court has also determined that in order to support a contention that his or her sentence is disproportionate to sentences imposed upon other offenders, a defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal. *State v. Woods*, [8th Dist.] No. 82789, 2004-Ohio-2700.

*State v. Munson*, 8th Dist. No. 93229, 2010-Ohio-1982, ¶ 29.

**{¶20}** Carter did not raise the issue of consistency at the trial court level. He therefore, has waived the issue for review on appeal. *Id.* at ¶ 30.

**{¶21}** In light of the above, the trial court did not abuse its discretion in sentencing Carter. His sole assignment of error is therefore overruled.

**{¶22}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.     Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
PATRICIA ANN BLACKMON, J., CONCUR