[Cite as *State v. Perez*, 2013-Ohio-1178.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98417**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RAFAEL PEREZ

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-555340

**BEFORE:** McCormack, J., Celebrezze, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** March 28, 2013

**ATTORNEY FOR APPELLANT**

Joseph F. Salzgeber
Foth & Foth Co. L.P.A.
11221 Pearl Road
Strongsville, OH 44136


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Andrew Rogalski
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

**{¶1}** Defendant-appellant, Rafael Perez ("Perez"), appeals his conviction and sentence, following a jury trial in the Cuyahoga County Court of Common Pleas. Perez was convicted of burglary, theft, and vandalism. The trial court sentenced Perez to four years in prison. For the reasons that follow, we affirm.

## Substantive Facts and Procedural History

**{¶2}** This appeal is a companion case arising out of the same events contained in *State v. Calimeno*, 8th Dist. No. 98376, where Perez's codefendant, Angel Calimeno ("Calimeno" or "codefendant"), appealed from his conviction. For a recitation of the facts of this case, the reader is referred to the companion opinion rendered today. *See Calimeno* at ¶ 1-13.

**{¶3}** At the conclusion of the joint trial, the jury found Perez and Calimeno guilty on all counts. On May 11, 2012, the trial court held a sentencing hearing and ordered Perez to pay restitution in the amount of $1,000 and serve an aggregate four-year term of imprisonment.

**{¶4}** Perez now appeals, raising two assignments of error for review.

## Assignments of Error

I. There was insufficient evidence to support the jury's verdicts of "Guilty'" as to the charged burglary, grand theft, and vandalism offenses, and those convictions are against the manifest weight of the evidence.

II. The prison sentence imposed on defendant-appellant for the second-degree felony burglary conviction was contrary to law where it was inconsistent with, and greater than, the prison sentence imposed upon the codefendant who was charged and convicted of the same offenses.

## Law and Analysis

### I. Manifest Weight and Sufficiency of the Evidence

{¶5} In his first assignment of error, Perez argues that his convictions are against the manifest weight of the evidence and are not supported by sufficient evidence. Specifically, Perez argues that there was no evidence that he was one of the persons inside the Wee residence and who perpetrated the burglary, vandalism, and grand theft.

{¶6} Perez's codefendant raises this argument in the companion case referenced above. In *Calimeno*, we conclude that the state presented sufficient evidence to support the jury's conviction on all counts. We further conclude that, in reviewing all of the evidence in the record and deferring to the jury's assessment of the credibility of the witnesses, we cannot say that the trier of fact lost its way and performed a miscarriage of justice in convicting Calimeno of burglary, theft, and vandalism. Because Perez's conviction stemmed from the same incident that led to Calimeno's conviction, we refer to ¶ 16-29 in *Calimeno* for our analysis on these claims, and similarly, we overrule Perez's first assignment of error. *See Calimeno* at ¶ 16-29.

## II.  Sentence

**{¶7}**  In his second assignment of error, Perez argues that the trial court erred when it sentenced him to four years of prison for the burglary conviction.  Specifically, Perez argues that the four-year prison sentence is inconsistent and contrary to law where his codefendant received a three-year sentence for the same offense.

**{¶8}**  Appellate courts must apply a two-step process in reviewing felony sentences.  *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.  First, the reviewing court must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence in order to determine whether the sentence is clearly and convincingly contrary to law.  *Id.* at ¶ 4.  If this first prong is satisfied, and the sentence is not "clearly and convincingly contrary to law," then this court must determine whether the trial court abused its discretion.  *Id.*  If, for example, the trial court's sentence is outside of the statutory range and, therefore, is clearly and convincingly contrary to law, this court's review has ended and the sentence cannot stand.  *Id.* at ¶ 15.

**{¶9}** According to R.C. 2929.11(A), in a felony sentencing, the court is guided by certain overriding purposes and principles:

> The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.  To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

R.C. 2929.11(A).

{¶10} Moreover, R.C. 2929.14(A)(2) provides that a second-degree felony, such as the burglary offense at issue in this case, is punishable by two, three, four, five, six, seven, or eight years in prison.

{¶11} Additionally, a felony sentence shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). The trial court has full discretion to determine whether the sentence it imposes satisfies "the overriding purpose of Ohio's sentencing structure." *Kalish* at ¶ 17.

{¶12} R.C. 2929.11(B) provides that a felony sentence must be "consistent with sentences imposed for similar crimes committed by similar offenders," however, "consistent" does not mean identical. "The goal of felony sentencing is to achieve 'consistency' not 'uniformity.'" *State v. Pruitt*, 8th Dist. No. 98080, 2012-Ohio-5418, ¶ 26, citing *State v. Marshall*, 8th Dist. No. 89551, 2008-Ohio-1632; *State v. Klepatzki*, 8th Dist. No. 81676, 2003-Ohio-1529. While the offense may be similar, distinguishing factors may justify dissimilar treatment. *See State v. Dawson*, 8th Dist. No. 86417, 2006-Ohio-1083, ¶ 31. Moreover, there is no requirement that codefendants receive equal sentences. *Pruitt* at ¶ 26, citing *State v. Nelson*, 11th Dist. No. 2008-L-072, 2008-Ohio-5535, ¶ 21.

{¶13} In this case, Perez argues that his sentence of four years on the burglary conviction is contrary to law because the trial court failed to consider the principles of R.C. 2929.11(B) in imposing a greater sentence on Perez than his codefendant for the same offense.[1]  We disagree.

{¶14} Perez and Calimeno were sentenced on May 11, 2012, for burglary, a second degree felony, among other charges.  At the sentencing hearing, the trial court properly considered the purposes and principles of felony sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors outlined in R.C. 2929.12, stating that the criminal activity is a serious offense that necessitates a prison sentence, and a sentence other than prison would seriously demean the offense and would not protect the public. The court also stated that the amount of harm caused and the nature and extent of the crime required a sentence greater than the minimum sentence.  It referred to the victim impact statement, noting that the crime caused the victim much trauma.

{¶15} The trial court also referred to the presentence investigation report ("PSI") and indicated that there was nothing substantial to report concerning the prior criminal history of either defendant.  With respect to Perez, however, the court noted some differences.  The PSI stated that Rafael Perez's true identity is Farley Efron Garcia Conseco.  There is also information in the PSI that associates Perez, a.k.a. Farley Efron Garcia Conseco, with criminal gangs from the country of Columbia.  Furthermore, the

---

[1]  Perez and Calimeno received identical sentences for the remaining charges, and, therefore, Perez does not assert any error by the trial court with respect to those charges.

trial court stated that it would consider Calimeno's sincere expression of remorse in terms of sentencing.[2]

{¶16} In light of the foregoing facts, we do not find that Perez's sentence on the burglary charge is clearly and convincingly contrary to law. In the first place, the four-year sentence imposed upon Perez was within the statutory guidelines for a second degree felony. Additionally, the trial court properly considered the relevant factors outlined in R.C. 2929.11 and 2929.12. Although both Perez and Calimeno were convicted of the same offense, the court took into account unique factors that distinguished the codefendants, such as the PSI, which indicated Perez's use of an alias and his association with criminal gangs, and the fact that Calimeno expressed remorse for his actions. The law does not require that identical sentences be imposed. Thus, Perez's four-year sentence, while greater than his codefendant's sentence, is not clearly and convincingly contrary to law.

{¶17} Because we find that Perez's sentence was not clearly and convincingly contrary to law, we must now determine whether the trial court abused its discretion in imposing the four-year sentence. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d

---

[2] During the sentencing hearing, when given the opportunity to speak, Calimeno offered a sincere expression of remorse for his part in the burglary. Perez chose not to speak on his own behalf. The trial court indicated that it would not hold Perez's decision not to speak against him. Rather, it considered Calimeno's remorse in imposing a lesser sentence upon Calimeno.

217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶18}** As we stated above, the trial court properly considered the factors and principles outlined in the statutes, the victim impact statement, the PSI, and the codefendant's expression of remorse as applied to his lesser sentence. Moreover, the sentence imposed upon Perez was within the statutory guidelines for a second degree felony. There is nothing in the record to suggest that the trial court's decision in sentencing Perez to four years for the burglary, rather than the three years imposed upon his codefendant, was unreasonable, arbitrary, or unconscionable. Accordingly, Perez's second assignment of error is without merit.

**{¶19}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KENNETH A. ROCCO, J., CONCUR