[Cite as *State v. Drobny*, 2013-Ohio-818.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98403**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANDREW T. DROBNY

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-558241

**BEFORE:** E.A. Gallagher, J., S. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** March 7, 2013

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio   44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Mary Weston
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1}   Andrew Drobny appeals from his sentence received in the Cuyahoga County Common Pleas Court and argues that the trial court erred in ordering him to serve the sentence in this case consecutively to the sentence imposed upon him in Cuyahoga C.P. No. CR-558198.   Finding no merit to the instant appeal, we affirm the judgment of conviction.

{¶2}   In CR-558241, Drobny pleaded guilty to one count of theft, a fifth-degree felony.   In CR-558198, Drobny pleaded guilty to one count of burglary, a third-degree felony.   In a sentencing hearing for both cases, the trial court ordered Drobny to serve 11 months on the theft conviction that was to run consecutive to a 30-month prison sentence for the burglary conviction.   In ordering the sentences to be served consecutively, the trial court stated the following:

> [T]he reason that you're getting consecutive terms rather than concurrent terms is because this court believes that the harm that you created is great, is unusual, and a single term does not adequately reflect the seriousness of the offense.   You heard what Mr. and Mrs. Bonner had to say, and you heard what your grandmother had to say.   You've been creating problems for people for a very long time.   And although I'm only allowed to sentence you for the two matters that are before the Court today, your past record indicates that you have had a serious — several serious bouts with the law which requires that you have the most serious prison term possible; therefore, we are going to make sure these terms are run consecutively rather than concurrently.

{¶3}   In his sole assigned error, to wit: that "[t]he trial court acted contrary to

law when it imposed consecutive sentences without authority to do so under the Ohio Revised Code," Drobny argues that the trial court was without the authority to sentence him to consecutive terms of imprisonment because of an error in the drafting of the version of R.C. 2929.41(A) that was in effect at the time of his sentencing. The language as drafted of R.C. 2929.41(A) is as follows:

> (A) Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

{¶4} Drobny argues that because none of the exceptions to the presumption of concurrent sentences applied, the trial court erred by imposing consecutive prison sentences in this case. We disagree.

{¶5} Following the Ohio Supreme Court's decision in *State v. Hodge,* 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, the legislature expressed its intent to revive the statutory, fact-finding provisions that existed as a prerequisite to imposing consecutive sentences and that were effective before *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Under a prior version of Ohio's sentencing law, the judicial fact-finding requirements for consecutive sentencing were contained in R.C. 2929.14(E), they now appear in R.C. 2929.14(C). This court has determined that the reference to R.C. 2929.14(E) in R.C. 2929.41(A) was a legislative oversight and

"resulted in the failure to update the cross-reference in the 'revived' R.C. 2929.41(A) from 'division (E) of section 2929.14' to 'division (C) of 2929.14.'" *State v. Ryan*, 8th Dist. No. 98005, 2012-Ohio-5070, ¶19. In fact, R.C. 2929.41(A) was amended on September 28, 2012, for the specific purpose of making this correction. R.C. 2929.41(A), section notes ("[t]he 2012 amendment substituted 'division (C)' for 'division (E)' in the first sentence of (A).")

{¶6} In *Ryan*, this court applied the statute as the legislature intended it to be applied rather than affording weight to a typographical error by applying the statute in a manner contrary to the legislative intent. *Id*. at ¶ 22. Accordingly, the trial court was authorized to impose consecutive sentences in this case in accordance with R.C. 2929.14(C).

{¶7} Drobny's sole assignment of error is overruled.

{¶8} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. The case is remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
PATRICIA A. BLACKMON, J., CONCUR