[Cite as *State v. Drobny*, 2013-Ohio-937.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 98404

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANDREW T. DROBNY

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-558198

BEFORE: S. Gallagher, P.J., E.A. Gallagher, J., and Blackmon, J.

RELEASED AND JOURNALIZED: March 14, 2013

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, OH   44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Mary Weston
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Andrew Drobny ("defendant"), appeals his sentence in this case, arguing that it is contrary to law because he asserts it is inconsistent with the sentence the trial court imposed on his codefendant. He also claims that the trial court erred by ordering him to serve his sentence in this case consecutively to the sentence imposed upon him in Cuyahoga C.P. No. CR-558241. Although defendant filed a separate appeal and brief in each case, the sole assignment of error in 8th Dist. No. 98403, 2013-Ohio-818, is exactly the same as his second assignment of error in this case. For the reasons that follow, we affirm.

{¶2} In CR-558198, defendant pled guilty to burglary, a felony of the third degree. His codefendant, Brittany Martin, entered the same guilty plea. In CR-558241, defendant pled guilty to theft, a felony of the fifth degree. At the time defendant entered these guilty pleas, he was on probation in Parma Municipal Court. The court ordered defendant to serve a 30-month prison sentence on the burglary conviction consecutive to an 11-month sentence for the theft conviction.[1] The trial court explained its rationale for imposing consecutive sentences as follows:

> [T]he reason that you're getting consecutive terms rather than concurrent terms is because this court believes that the harm you created is great, is unusual, and a single term does not adequately reflect the seriousness of the

---

[1] Initially the trial court ordered defendant to serve 12 months for the theft offense consecutively to a 36-month prison term for the burglary conviction. After a side-bar discussion, the court reduced defendant's sentence in both cases as stated.

offense. You heard what Mr. and Mrs. Bonner had to say, and you heard what your grandmother had to say. You've been creating problems for people for a very long time. And although I'm only allowed to sentence you for the two matters that are before the Court today, your past record indicates that you have had a serious — several serious bouts with the law which requires that you have the most serious prison term possible.

{¶3} The court explained to defendant that he received a different sentence than his codefendant for the burglary conviction based on the differences in their criminal records — she had none. The trial judge directly asked the defendant if he really had expected to get the same sentence as the codefendant for the burglary conviction in light of his past record. He responded, "no."

{¶4} Defendant appeals and asserts the following assignment of error for our review:

Assignment of Error No. 1

The trial court erred by imposing a 30-month sentence for burglary while imposing a lesser sentence on his co-defendant.

{¶5} A review of felony sentencing involves a two-step analysis: (1) whether the trial court complied with all applicable rules and statutes to determine if the sentence was clearly and convincingly contrary to law; and (2) whether the trial court abused its decision by imposing the sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4.[2]

---

[2] Subsequent to the court's decision in *Kalish*, H.B. 86 took effect. Am.Sub.H.B. 86, 2001 Ohio Laws 29 ("H.B. 86"), revised Ohio's sentencing statutes. Among other amendments, the legislature explicitly stated its intent to re-enact and revive mandatory statutory findings applicable to imposing consecutive sentences. *See* R.C. 2929.14, editor's note regarding the provisions of Section 11 of H.B. 86, citing *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768 ("although

**{¶6}** Defendant contends that the trial court failed to comply with the objectives of R.C. 2929.11(B) in terms of the consistency and proportionality of his sentence. Particularly, defendant maintains that his 30-month prison sentence was "grossly disproportionate" to his codefendant's sentence comprised of a six-month jail term and a five-year term of community control sanctions.

**{¶7}** There is a distinction between consistent and identical sentences, which was noted by this court in *State v. Georgakopoulos*, 8th Dist. No. 81934, 2003-Ohio-4341, ¶ 26:

> "The legislature's purpose for inserting the consistency language contained in R.C. 2929.11(B) is to make consistency rather than uniformity the aim of the sentencing structure. See Griffin and Katz, Ohio Felony Sentencing Law (2001), 59. Uniformity is produced by a sentencing grid, where all persons convicted of the same offense with the same number of prior convictions receive identical sentences, Id. Consistency, on the other hand, requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable. Under this meaning of 'consistency,' two defendants convicted of the same offense with a similar or identical history of recidivism could properly be sentenced to different terms of imprisonment."

---

constitutional under *Hodge*, supra, that language is not enforceable until deliberately revived by the General Assembly"). Although H.B. 86 took effect after *Kalish* was decided, the majority of appellate courts continue to apply the two-step analysis it established for sentencing review. *Kalish* did not address the standard of review for required findings that are now back in place for consecutive sentencing under R.C. 2929.14(C)(4). We recognize that the revived statutory findings require the application of R.C. 2953.08(G) and the clear and convincing standard to determine whether requisite statutory findings are supported by the record or whether the sentence is contrary to law in the context of consecutive sentencing. Accordingly, some more recent court decisions that have addressed felony sentencing have applied the statutory standard of review and do not reference the two-step analysis contained in *Kalish*. While much of this may be more about semantics than a real distinction in analysis, it is important to note that the viability of *Kalish* may have to be reviewed in light of H.B. 86. Nevertheless, until the Supreme Court of Ohio directs us otherwise, we continue to recognize *Kalish* even if our analysis includes reference to R.C. 2953.08.

*Id.*, quoting *State v. Quine*, 9th Dist. No. 20968, 2002-Ohio-6987; *see also State v. Rowland*, 1st Dist. No. C-000592, 2001 Ohio App. LEXIS 2088 (May 11, 2001) ("Although we acknowledge the statutory mandate for consistency in sentencing, consistency does not require that identical sentences be imposed for co-defendants."); *State v. Pruitt*, 8th Dist. No. 98080, 2012-Ohio-5418, ¶ 26, citing, *State v. Marshall*, 8th Dist. No. 89551, 2008-Ohio-1632; *State v. Klepatzki*, 8th Dist. No. 81676, 2003-Ohio-1529; *State v. Richards*, 8th Dist. No. 83696, 2004-Ohio-4633; *State v. Harris*, 8th Dist. No. 83288, 2004-Ohio-2854; *State v. Dawson*, 8th Dist. No. 86417, 2006-Ohio-1083 (although an offense may be similar, distinguishing factors may justify dissimilar treatment); *State v. Nelson*, 11th Dist. No. 2008-L-072, 2008-Ohio-5535 (no requirement that codefendants receive equal sentences).

{¶8} The record reflects that the trial court properly considered the statutory factors and guidelines in R.C. 2929.11 and 2929.12 before imposing defendant's sentence. The trial court explained that defendant and the codefendant were not similar offenders. For example and among other distinctions, the codefendant had no criminal record. The codefendant stated she was currently a senior in high school. Defendant was not currently in school or employed. Defendant pled guilty in two different cases and was on probation to Parma Municipal Court for aggravated trespassing. Defendant also had a domestic violence case, in which his father was the victim. Defendant's victim in the

theft conviction was his grandmother.[3]   Defense counsel indicated defendant had a heroin addiction that required hospitalization.   The burglary victim addressed the court and reported that defendant had denied breaking into his house until it was confirmed that his DNA had been found in the home.

{¶9} Defendant said he broke into the victim's house and stole copper plumbing, gym equipment, and several other things for drug money.   The amount owed in restitution is $18,305.   At sentencing, defendant apologized to the victims.   Defense counsel also cited defendant's mental health diagnosis in mitigation.

{¶10} Defendant has not established that his 30-month prison sentence is clearly and convincingly contrary to law or that the trial court abused its discretion by imposing it. This assignment of error is overruled.

Assignment of Error No. 2[4]

The trial court acted contrary to law when it imposed consecutive sentences without authority to do so under the Ohio Revised Code.

Assignment of Error No. 3

The trial court erred when it failed to make statutorily necessitated findings before imposing consecutive sentences.

{¶11} Defendant contends that the trial court was without authority to impose consecutive sentences pursuant to the version of R.C. 2929.41(A) that was in effect at the time of his sentencing, which provided:

---

[3]   Defendant stole her camera and pawned it for drug money.

[4]   This is the same assignment of error alleged in 8th Dist. No. 98403, 2013-Ohio-818.

(A)  Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States.  Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

{¶12} Defendant contends that none of the exceptions to the presumption of concurrent sentences apply, and therefore the trial court erred by imposing consecutive sentences in this case.  However, there are provisions for imposing consecutive sentences in R.C. 2929.14(C)(4) that were not included in the above-quoted version of R.C. 2929.41(A).

{¶13} Following the Ohio Supreme Court's decision in *Hodge*,[5] the legislature expressed its intent to revive the statutory fact-finding provisions that existed as a prerequisite to imposing consecutive sentences that were effective before *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.  Under a prior version of Ohio's sentencing law, the judicial fact-finding requirements for consecutive sentencing were contained in R.C. 2929.14(E); now they appear in R.C. 2929.14(C).  This court has determined that the reference to R.C. 2929.14(E) in R.C. 2929.41(A) was legislative oversight and "resulted in the failure to update the cross-reference in the 'revived' R.C. 2929.41(A) from 'division (E) of section 2929.14' to 'division (C) of 2929.14.'"  *State v. Ryan*, 8th Dist. No. 98005, 2012-Ohio-5070, ¶ 19.  In fact, R.C. 2929.41(A) was

---

[5]  128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768.

amended on September 28, 2012, for the specific purpose of making this correction. R.C. 2929.41(A), Section Notes ("The 2012 amendment substituted 'division (C)' for 'division (E)' in the first sentence of (A).").

{¶14} In *Ryan*, this court applied the statute as the legislature intended it to be applied rather than affording weight to a typographical error by applying the statute in a manner contrary to the legislative intent. *Id.* at ¶ 22. Accordingly, the trial court was authorized to impose consecutive sentences in this case in accordance with R.C. 2929.14(C).

{¶15} R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶16} The trial court explained to defendant,

> [T]he reason that you're getting consecutive terms rather than concurrent terms is because this court believes that the harm you created is great, is unusual, and a single term does not adequately reflect the seriousness of the offense. You heard what Mr. and Mrs. Bonner had to say, and you heard what your grandmother had to say. You've been creating problems for people for a very long time. And although I'm only allowed to sentence you for the two matters that are before the Court today, your past record indicates that you have had a serious — several serious bouts with the law which requires that you have the most serious prison term possible.

These findings by the court, coupled with the record evidence, complied with the provisions of R.C. 2929.14(C)(4) and support the court's exercise of discretion to impose consecutive sentences in this case.

{¶17} The second and third assignments of error are overruled.

{¶18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and

PATRICIA ANN BLACKMON, J., CONCUR