[Cite as *State v. Martin*, 2013-Ohio-2833.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

PORTAGE COUNTY, OHIO


STATE OF OHIO,                          :          **O P I N I O N**

         Plaintiff-Appellee,          :

    - vs -                                    :          **CASE NO.  2012-P-0114**

CHARLES B. MARTIN,                    :

         Defendant-Appellant.       :


Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2011 CR 0790.

Judgment:  Affirmed.


*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH  44266 (For Plaintiff-Appellee).

*Chris Wells,* P.O. Box 1487, Stow, OH  44224 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1}     Appellant, Charles B. Martin, appeals the sentence of the Portage County Court of Common Pleas following his guilty plea to gross sexual imposition of a four-year-old girl.  At issue is whether appellant can successfully challenge his sentence in light of his failure to file a transcript of the proceedings in the trial court.  For the reasons that follow, we affirm.

{¶2}     Due to appellant's failure to file a transcript, we are unaware of the facts in this matter other than appellant's few brief statements and admissions in his brief.

Appellant, who is 22 years old, admits that he is an acquaintance of the victim's parents and that he had done lawn work for them in the past. He states that on July 23, 2011, the victim's parents left their four-year-old daughter alone with him. Appellant states that on the next day, July 24, 2011, the victim's parents reported to police that appellant had engaged in sexual conduct with their child. As a result, appellant was questioned by police; submitted a DNA sample to them; and was subsequently arrested for the offenses charged in the indictment.

{¶3} On December 15, 2011, appellant was indicted for two counts of attempted rape, each being a felony of the second degree, in violation of R.C. 2923.02 and R.C 2907.02(A)(1)(b), each with a child rape specification, in violation of R.C. 2941.1419; two counts of gross sexual imposition, each being a felony of the third degree, in violation of R.C. 2907.05; and importuning, a felony of the third degree, in violation of R.C. 2907.07. Appellant pled not guilty.

{¶4} Subsequently, counsel advised the trial court that they had engaged in plea negotiations and that appellant had agreed to a plea bargain pursuant to which he would plead guilty to one count of gross sexual imposition, a felony of the third degree, and the remaining charges would be nolled.

{¶5} On April 24, 2012, the court held a guilty plea hearing. Appellant did not file a transcript of this hearing on appeal. According to his "Written Plea of Guilty," the court advised appellant that the offense to which he was pleading guilty was gross sexual imposition, a third-degree felony; that the maximum sentence for this offense was five years in prison; and that upon acceptance of his guilty plea, the court could

2

immediately sentence him. The trial court thus advised appellant of the effect of his guilty plea. Appellant indicated he understood the foregoing.

{¶6} Further, according to the written guilty plea, the court advised appellant of his right to a jury trial at which he would have the right to confront and cross-examine the witnesses against him, the right to compulsory process, and the right to require the state to prove his guilt beyond a reasonable doubt at a trial at which he could not be compelled to testify against himself. Appellant indicated he understood his trial rights and wanted to waive them. He signed his guilty plea to one count of gross sexual imposition, a felony of the third degree. The court then entered a nolle prosequi to the remaining counts of the indictment. The court found that appellant understood and waived his trial rights before entering his guilty plea and that he understood the effect of his plea.

{¶7} By the court's separate judgment entry, dated April 26, 2012, the court found that appellant's guilty plea was voluntary; accepted his plea; found him guilty of gross sexual imposition; accepted the nolle prosequi to the remaining charges; and referred appellant to the probation department for a pre-sentence investigation.

{¶8} On July 16, 2012, the court conducted a sentencing hearing. Again, appellant did not file a transcript of this hearing on appeal. In the court's sentencing entry, the court stated that in sentencing appellant, it considered, inter alia, the evidence presented by counsel, oral statements, and appellant's statement. However, because appellant did not file a transcript of the sentencing hearing, none of the evidence presented at the sentencing hearing is before us. According to the sentencing entry,

3

the court sentenced appellant to a definite term of five years in prison, the maximum term for a third-degree felony.

{¶9} Appellant appeals his sentence, asserting the following for his sole assignment of error:

{¶10} "The trial court erred in ordering a five year prison sentence contrary to the sentencing principles in O.R.C. 2929.11."

{¶11} Appellant argues that by imposing the maximum sentence, the trial court did not properly apply the principles of felony sentencing in R.C. 2929.11.

{¶12} At the outset, we note that appellant indicated in his notice of appeal that he did not order either a complete or partial transcript from the court reporter and that no transcript is necessary.

{¶13} However, it is well settled that "[a]n appellant is required to provide a transcript for appellate review." *Warren v. Clay*, 11th Dist. No. 2003-T-0134, 2004-Ohio-4386, ¶4, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). "Such is necessary because an appellant shoulders the burden of demonstrating error by reference to matters within the record." *Warren*, *supra*, citing *State v. Skaggs*, 53 Ohio St.2d 162, 163 (1978). This court in *Warren* stated:

{¶14} This principle is embodied in App.R. 9(B), which states in * * * part:

{¶15} "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * * If the appellant intends to urge on

4

appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the [findings] or conclusion." *Warren* at ¶6, quoting App.R. 9(B); *see also Streetsboro v. Hughes*, 11th Dist. No. 1741, 1987 Ohio App. LEXIS 8109, *2 (July 31, 1987).

{¶16} "Where portions of the transcript necessary for the resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon. As appellant cannot demonstrate these errors, the court has no choice but to presume the validity of the lower court's proceedings." *Warren* at ¶7, citing *Knapp*, *supra*.

{¶17} Further, this court has held that when a defendant's appeal challenges his sentence, a transcript of the sentencing hearing is necessary. *Warren* at ¶3.

{¶18} Because appellant challenges the trial court's application of the sentencing guidelines in R.C. 2929.11 in imposing sentence, a transcript of the sentencing hearing is necessary for a complete review of the error assigned by appellant. Since he failed to provide this court with a transcript, we must presume regularity of the proceedings below and affirm. *See Warren* at ¶7. We must therefore presume the trial court considered the purposes of felony sentencing in R.C. 2929.11, which are to protect the public from future crime committed by appellant and others and to punish appellant. Further, we must presume that, to achieve these purposes, the court considered the need to incapacitate appellant, the need to deter him and others from future crime, the need to rehabilitate appellant, and the need to make restitution to

the victim. We must also presume the court's sentence was commensurate with the seriousness of appellant's conduct and its impact on the child.

{¶19} In any event, even if the lack of a transcript was not an issue, appellant's argument would still fail. Specifically, he argues that, because the state accepted his guilty plea to only one of five charged offenses and the offense to which he pled guilty was not the most serious of these offenses, these circumstances show this was not the worst form of the offense, making the maximum sentence inappropriate. Appellant apparently argues the trial court was required to find that he committed the worst form of the offense to support the court's maximum sentence and that these circumstances do not support such finding.

{¶20} However, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. Thus, the trial court was not required to find that appellant committed the worst form of the offense in order to impose the maximum sentence, as was formerly required by R.C. 2929.14(C). *Id.* Trial courts are merely required to "consider" the purposes of felony sentencing in R.C. 2929.11. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶13.

{¶21} Here, the trial court expressly stated in its sentencing entry that it considered the purposes of felony sentencing as set forth in R.C. 2929.11 and listed them. This is sufficient to satisfy the requirement that the court consider these purposes. *See State v. Brody*, 11th Dist. Nos. 2010-L-095, 2010-L-096, 2010-L-097, 2011-Ohio-4884, ¶37-38. In fact, where the trial court does not state on the record that it

6

considered R.C. 2929.11 and 2929.12, it is presumed that the trial court properly considered these statutes. *State v. Bernadine*, 11th Dist. No. 2010-P-0056, 2011-Ohio-4023, ¶36, citing *State v. Adams*, 37 Ohio St.3d 295 (1988).

{¶22} For the reasons stated in this opinion, appellant's assignment of error is overruled. It is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, J., concurs with a Concurring Opinion,
COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

————————————————

THOMAS R. WRIGHT, J., concurs with a Concurring Opinion.

{¶23} I concur with the lead opinion to the extent that appellant has the burden of demonstrating error. Therefore, the failure to provide a transcript requires this court to affirm regardless of the standard of review. Regarding the dissent, appellant's remedy, if any, for the failure to file a transcript must be addressed in an application for reopening under App.R. 26(B).

————————————————

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶24} I respectfully dissent.

{¶25} In affirming the judgment of the trial court, the majority contends that appellant cannot successfully challenge his sentence on appeal because his assigned

7

counsel failed to file a transcript from the sentencing hearing. The majority proceeds to assert that even if appellant did file a transcript, his argument would still fail.

{¶26} On appeal, appellant maintains "[t]he trial court erred in ordering a five year prison sentence contrary to the sentencing principles in O.R.C. 2929.11." He alleges that by imposing the maximum sentence, the trial court failed to properly apply the principles of felony sentencing. Although appellant takes issue with his sentence, his assigned counsel did not order either a complete or partial sentencing transcript from the court reporter and improperly indicated in the notice of appeal that a transcript was unnecessary.

{¶27} The majority partly relies on App.R. 9(B) in affirming the trial court's judgment. The majority correctly points out that App.R. 9(B) requires the ordering of a complete or partial transcript at the time of filing a notice of appeal in a matter such as this. However, this writer does not believe that appellant should be penalized due to an error on behalf of his assigned counsel. Appellant, an indigent in this criminal matter, has a constitutional right to a transcript at public expense.

{¶28} The Supreme Court of Ohio stated in *State ex rel. Heller v. Miller*, 61 Ohio St.2d 6, 9 (1980):

{¶29} "The United States Supreme Court has given rather significant procedural guarantees in criminal cases, including the right to counsel and a transcript at public expense for appeals as of right. The right to a transcript for indigents was established in *Griffin v. Illinois* (1956), 351 U.S. 12, where the court, at page 18, stated that although a right of appeal was not required by the due process clause, once a state gave that right in a criminal case it could not effectively deny it to indigents by requiring that they pay

8

for a transcript they could not afford. The court held broadly that there could be no equal justice where the kind of trial received depended on the ability to pay. The same rationale was used in *Douglas v. California* (1963), 372 U.S. 353, when the court ruled that denial to indigents of counsel at public expense for an appeal of right was as invidious as denial of a transcript and violated the requirement of equality found in the Fourteenth Amendment."

{¶30} In this criminal matter, with severe and long serving consequence, appellant's own attorney, assigned by the court, is complicit in his failure to file a transcript; there is no legitimate trial strategy that would substantiate this position. Appellant has a constitutional right to the transcript, which is necessary to determine his assigned error on appeal and to guarantee his right to an effective and complete appeal of this case. The majority presumes the validity of the lower court's proceedings in affirming the trial court's judgment without a complete review of the record. Judicial economy as well as appellant's right to due process, to effective counsel, to a transcript at state's expense, and to a complete appeal belie this position. I believe this case should be remanded prior to issuing our opinion, so that appellant's assigned counsel can comply with App.R. 9(B), thereby providing appellant a complete record on appeal. This in turn would reduce the probability of multiple writs and requests for reopenings which at this point seem inevitable based upon the majority's position.

{¶31} Thereafter, this court should not apply the two-step analysis contained in the 2008 plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, a case cited by the majority. Rather, because appellant was sentenced after the enactment of H.B. 86, this court should apply R.C. 2953.08(G) and the clear and convincing standard

9

to determine whether the sentence is contrary to law. *See e.g. State v. Venes*, 8th Dist. No. 98682, 2013-Ohio-1891, ¶10; *State v. Drobny*, 8th Dist. No. 98404, 2013-Ohio-937, ¶5, fn.2; *State v. Kinstle*, 3rd Dist. No. 1-11-45, 2012-Ohio-5952, ¶47; *State v. Cochran*, 10th Dist. No. 11AP-408, 2012-Ohio-5899, ¶52.

**{¶32}** Accordingly, I believe this matter should be remanded to the trial court for 30 days for appellant's assigned counsel to order a transcript of the proceedings at public expense in order for this court to properly address appellant's sentencing argument on appeal.

**{¶33}** Thus, I dissent.