[Cite as *State v. Lao*, 2018-Ohio-3745.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2018-A-0038 |
| STEVEN R. LAO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2017 CR 00353.

Judgment: Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Steven R. Lao,* pro se, PID: A751-123, Lorain Correctional Institution, 2075 South Avon-Belden Road, Grafton, OH 44044 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Steven R. Lao, has filed a pro se appeal from the judgment of the Ashtabula County Court of Common Pleas, convicting him, after accepting a plea of guilty, on one count of aggravated possession of drugs. We affirm.

{¶2} On July 26, 2017, appellant was indicted on one count of aggravated possession of drugs, in violation of R.C. 2925.11(A)(C)(1)(b), a felony of the third degree; one count of possessing criminal tools, in violation of R.C. 2923.24(A), a felony

of the fifth degree; and one count of possession of marijuana, in violation of R.C. 2925.11(A)(C)(3)(a), a minor misdemeanor. Appellant entered a plea of not guilty.

{¶3} Appellant's trial counsel filed a motion to suppress evidence, which the state opposed. And, after a hearing, the trial court denied appellant's motion. Appellant ultimately withdrew his not-guilty plea and entered a plea of guilty to attempted aggravated possession of drugs, a felony of the fourth degree. The trial court dismissed the remaining counts. After a sentencing hearing, appellant was sentenced to a ten-month term of imprisonment. In addition, appellant's post-release control, which he was serving from two previous convictions, was revoked and terminated and he was sentenced to 477 days incarceration, per a stipulation in the plea agreement. This appeal follows.

{¶4} Appellant's pro se brief fails to set forth any discrete assignments of error. He seems to argue, however, that his trial counsel was ineffective for failing to "recognize" issues, which occurred during his preliminary hearing, his suppression hearing, and his plea hearing. His brief includes a recitation of alleged issues, which counsel purportedly failed to identify during the preliminary and suppression hearings; it also includes an allegation that counsel gave him improper advice by recommending appellant accept the guilty plea.

{¶5} With respect to appellant's alleged issues relating to the preliminary and suppression hearings, appellant has failed to provide a transcript of these proceedings. It is well settled that, when an appellant is asserting error relating to proceedings in a trial court, he or she is required to provide a transcript for appellate review. *State v. Martin*, 11th Dist. Portage No. 2012-P-0114, 2013-Ohio-2833, ¶13; *see also, Knapp v.*

*Edwards Laboratories,* 61 Ohio St.2d 197, 199 (1980). "Such is necessary because an appellant shoulders the burden of demonstrating error by reference to matters within the record." *Warren v. Clay,* 11th Dist. Trumbull No. 2003-T-0134, 2004-Ohio-4386, ¶4, citing *State v. Skaggs,* 53 Ohio St.2d 162, 163 (1978). This court, in *Clay*, stated:

{¶6} This principle is embodied in App.R. 9(B), which states in * * * part:

{¶7} "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the [findings] or conclusion." *Clay* at ¶6, quoting App.R. 9(B); *see also Streetsboro v. Hughes,* 11th Dist. No. 1741, 1987 Ohio App. LEXIS 8109, *2 (July 31, 1987).

{¶8} Where a transcript is necessary for the resolution of matters raised on appeal is omitted from the record, an appellate court has nothing to review. As appellant has failed to provide the transcripts, he cannot demonstrate error. Accordingly, this court has no choice but to presume the validity of the lower court's proceedings. *Martin*, *supra*, at ¶16, citing *Clay*, *supra*, at ¶7. Any issue raised by appellant regarding the ineffectiveness of counsel during or attendant to the preliminary and suppression hearings is unreviewable and without merit.

{¶9} Moreover, appellant fails to identify how his attorney's performance was deficient when he entered his guilty plea. Appellant simply does not identify the nature of the allegedly problematic advice. And, similar to his other issues, appellant has failed to provide this court with transcripts of the guilty-plea hearing. We recognize that, although the alleged advice to which appellant alludes might likely be dehors the record,

we are nevertheless unable to pass on the issue or draw a definitive conclusion without a transcript.  Appellant's argument regarding counsel's advice at the guilty-plea stage is therefore without merit.

{¶10}  For the reasons discussed above, the judgment of the Ashtabula County Court of Common Pleas is hereby affirmed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.