[Cite as *State v. Pifer*, 2014-Ohio-1363.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-P-0032** |
| ROBERT J. PIFER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas.
Case No. 2012 CR 0785.

Judgment: Affirmed.


*Victor V. Vigluicci*, Portage County Prosecutor, and *Kristina Drnjevich*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Gregory A. Price*, 137 South Main, Suite 300, Akron, OH 44308 (For Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Robert J. Pifer, appeals his conviction, after a bench trial, on two counts of felonious assault in violation of R.C. 2903.11(A)(1) and (A)(2). At issue is whether appellant's trial counsel was ineffective for failing to assert the affirmative defense of self defense and whether his convictions were against the manifest weight of the evidence. Based on the following, we affirm.

{¶2} On November 14, 2012, appellant arrived at his friend, Scott Fox's, home. Mr. Melton and Miranda Fox also arrived at the home, and the group sat around the dining room table. The conversation turned hostile when appellant was accused of making remarks about Mr. Melton's daughter. Appellant shoved Mr. Melton from his seat, and Mr. Fox told the group to leave.

{¶3} The trial court heard different versions of the events that occurred outside the home; however, the evidence reveals that Mr. Melton, Ms. Fox, and appellant engaged in a physical altercation. During this altercation, Mr. Melton wielded a two-by-four piece of lumber. Appellant testified that he entered his van and Mr. Melton and Ms. Fox continued attacking him. Appellant then made a 180-degree turn in his van and headed toward where Mr. Melton and Ms. Fox were standing. Appellant hit Mr. Melton with his van causing life-threatening injuries. Mr. Melton suffered from a segmental open femur fracture and a broken collarbone. Mr. Melton was life-flighted from the scene, and emergency surgery was performed.

{¶4} The trial court found appellant guilty and, by agreement of the parties, merged the counts as allied offenses. The state elected to proceed to sentencing on Count One, the violation of R.C. 2903.11(A)(1). Appellant was sentenced to a five-year prison term, a three-year period of post-release control, and ordered to pay restitution to Mr. Melton in the amount of $17,292.03.

{¶5} Appellant filed a notice of appeal and asserts the following assignments of error:

> [1.] The accused's convictions for felonious assault, in violation of R.C. 2903.11, are against the manifest weight of the evidence.

[2.] The defendant received ineffective [assistance] of counsel when his trial counsel failed to enter an affirmative defense of self defense.

{¶6} For ease of discussion, we first address appellant's second assignment of error. Under this assignment of error, appellant maintains trial counsel was ineffective for failing to raise the defense of self-defense and for failing to request that the trial court consider a conviction for the lesser-included offense of aggravated assault. Appellant claims he did not initiate the altercation, and when he tried to leave the scene in his van, both Ms. Fox and Mr. Melton chased after him. Appellant further claims his conduct was a result of serious provocation, which warranted a request from his trial counsel for the trial court to consider the lesser-included offense.

{¶7} In order to prevail on an ineffective assistance of counsel claim, appellant must demonstrate from the record that trial counsel's performance fell below an objective standard of reasonable representation and that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus, adopting the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). If a claim of ineffective assistance can be disposed of by showing a lack of sufficient prejudice, there is no need to consider the first prong, i.e., whether trial counsel's performance was deficient. *Bradley* at 143, citing *Strickland* at 697. There is a general presumption that trial counsel's conduct is within the broad range of competent professional assistance. *Id*. at 142.

{¶8} Furthermore, decisions on strategy and trial tactics are generally granted a wide latitude of professional judgment, and it is not the duty of a reviewing court to

3

analyze the trial counsel's legal tactics and maneuvers. *State v. Gau*, 11th Dist. Ashtabula No. 2005-A-0082, 2006-Ohio-6531, ¶35, citing *Strickland* at 689. Debatable trial tactics and strategies do not constitute ineffective assistance of counsel. *State v. Phillips*, 74 Ohio St.3d 72, 85 (1995), citing *State v. Clayton*, 62 Ohio St.2d 45, 49 (1980).

{¶9} This court has observed that a defendant is entitled to an instruction on self-defense to the extent there is some evidence on each of the following three elements:

> '(1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) that the defendant did not violate any duty to retreat or avoid the danger.'

*State v. Kovacic*, 11th Dist. Lake No. 2010-L-065, 2012-Ohio-219, ¶22, quoting *State v. Barnes*, 94 Ohio St.3d 21, 24 (2002).

{¶10} Here, there was an absence of evidence to support the assertion that appellant acted in self-defense, and therefore, appellant's trial counsel was not deficient for failing to request a self-defense instruction. The evidence demonstrates that Mr. Melton and appellant engaged in a struggle outside of the home. Mr. Melton picked up a two-by-four piece of wood and used it to strike appellant. Appellant, in an attempt to escape, "jumped in the van." Mr. Melton and Ms. Fox testified they were heading toward their truck when appellant made a u-turn to drive toward the couple, instead of driving out of the driveway.

{¶11} Appellant's theory of the incident is also inconsistent with an instruction on self-defense. In his testimony, appellant noted that he was already in his vehicle when

4

Mr. Melton came toward him with the piece of lumber. Appellant never attempted to back-up the van; instead, he drove forward and hit Mr. Melton, despite admitting there was enough "room to get around him." This evidence was corroborated by appellant's jail-house letter, which was intercepted, stating:

> I got in the van and he began hitting me in the arm and leg. I still had the door open. It took a minute to get the van started. When it started, I floored it. I got up some speed and did a 180 in Scott's front yard. Now, I was heading back towards the drive. As I go to the drive, there was Mr. Melton coming at me again with the 2 X 4. The only way I could stop him was to hit him. When I hit him, I had enough speed up I ran right over him. I ended up with him pinned under the van. I moved the van around to free him from it. Then, he told me he didn't wanna fight anymore. I'm sure he didn't. He couldn't move.

{¶12} Photographs taken at the scene were also admitted into evidence. Because of the muddy condition, these photographs illustrated the tire marks of appellant's van; the tire tracks travel through the front yard, circle around the front yard, and then go back toward the driveway where Mr. Melton's vehicle was located. This is consistent with the testimony of Mr. Melton, Ms. Fox, and appellant's own written admission.

{¶13} We therefore conclude a self-defense instruction was not warranted and would not have changed the outcome. As a result, appellant's trial counsel was not deficient for failing to request such an instruction.

{¶14} Appellant then claims, under his second assignment of error, that the evidence presented supports a conviction of aggravated assault, rather than felonious assault, and that counsel should have requested consideration of this lesser offense.

{¶15} Felonious assault is defined by R.C. 2903.11(A) as follows:

(A) No person shall knowingly do either of the following:

5

(1) Cause serious physical harm to another or to another's unborn;

(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

{¶16} Aggravated assault is defined in R.C. 2903.12 as follows:

(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:

(1) Cause serious physical harm to another * * *.

(2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance * * *.

{¶17} As stated, aggravated assault is an offense of inferior degree to felonious assault. *State v. Deem*, 40 Ohio St.3d 205 (1988), paragraphs two and four of the syllabus. The elements of aggravated assault and felonious assault are identical except that aggravated assault contains the additional mitigating factor of serious provocation. *Id.* at 210-211.

Provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force. In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time.

*Id.* at 211, quoting *State v. Mabry*, 5 Ohio App.3d 13 (1982), paragraph five of the syllabus.

{¶18} Here, the evidence did not establish that appellant acted under the influence of serious passion or in a sudden fit of rage. In fact, the evidence demonstrates otherwise. The confrontation between appellant, Mr. Melton, and Ms. Fox

6

had ceased. Appellant had the opportunity to leave the scene of the incident; the evidence demonstrates that the rear of his van faced the driveway, and he could have backed out to leave. Instead, upon appellant's own volition, he "floored" the van, made a 180-degree turn, and drove toward where Mr. Melton and Ms. Fox stood. Appellant struck Mr. Melton with his vehicle, causing life threatening injuries.

{¶19} This was a trial to the court. We cannot say that if counsel had requested the trial court to consider a lesser-included offense the outcome would have been different.

{¶20} Appellant's second assignment of error regarding ineffective assistance of counsel is without merit.

{¶21} Under his first assigned error, appellant claims his verdict was against the manifest weight of the evidence. To determine whether a verdict is against the manifest weight of the evidence, a reviewing court must consider the weight of the evidence, including the credibility of the witnesses and all reasonable inferences, to determine whether the trier of fact "lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). In weighing the evidence submitted at a criminal trial, an appellate court must defer to the factual findings of the trier of fact regarding the weight to be given the evidence and credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967).

{¶22} First, appellant claims the trial court erred in failing to find that appellant acted in self-defense. However, as we discussed above, the evidence presented at trial

7

did not support a claim of self-defense. Next, appellant argues the trial court erred in not finding him guilty of the lesser-included offense of aggravated assault.

{¶23} At trial, appellant testified on his own behalf. Appellant testified that after the altercation inside the home, he left. Once outside, appellant grabbed the grill tongs and Ms. Fox grabbed the grill scraper. Warding off the attacks of Mr. Melton and Ms. Fox, appellant reached his van. After reaching his van, appellant was attacked by Mr. Melton with a two-by-four piece of lumber. As it was cold outside, the van did not immediately start. Then, appellant had to fight off Ms. Fox, who was reaching for appellant through the van's window. The van's engine started, and appellant "hit the gas and spun the thing around to come back out[.]" Seeing Mr. Melton holding the piece of wood and Ms. Fox approaching, appellant testified, "that's when I struck him."

{¶24} The state's witnesses testified that after the altercation inside the home, appellant exited the home. Mr. Melton and Ms. Fox then followed appellant from the home. Mr. Melton stepped off the porch and found appellant next to the house with an object—later identified as a grilling utensil—in his hands. Appellant chased Mr. Melton with the grilling utensil and stabbed Mr. Melton in his hand. Appellant headed toward the van, put it in reverse, and knocked Mr. Melton over. Ms. Fox testified that she then jumped onto the sideboard of the van and reached through the van's window toward appellant. Appellant grabbed Ms. Fox. Mr. Melton grabbed a two-by-four piece of lumber and hit appellant with it. Appellant pulled away from the scene as if he was leaving, made a u-turn, and drove the van back toward Mr. Melton and Ms. Fox. Appellant struck Mr. Melton with his vehicle, causing Mr. Melton life-threatening injuries.

**{¶25}** Additionally, appellant stipulated to the admission of the above-referenced letter which demonstrates that instead of retreating from the confrontation by exiting the driveway, appellant sped up and did a 180-degree turn in the front yard, heading back toward Mr. Melton and Ms. Fox. Appellant, although inside his vehicle, stated that the only way to stop Mr. Melton was to hit him with the truck. The trial court also saw photographs of the scene depicting that appellant did, in fact, turn his vehicle around and head toward where Mr. Melton's vehicle was parked.

**{¶26}** Based on the evidence presented, we cannot conclude the trial court lost its way in finding appellant guilty of felonious assault.

**{¶27}** Appellant's first assignment of error is without merit.

**{¶28}** Based on the opinion of this court, the judgment of the Portage County Court of Common Pleas is hereby affirmed.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.