[Cite as *State v. Sturgill*, 2016-Ohio-3117.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-A-0029** |
| ADAM STURGILL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2014 CR 00380.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Margaret L. Brunarski,* 302 South Broadway, Geneva, OH 44041 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Adam Sturgill appeals from the judgment entry of the Ashtabula County Court of Common Pleas, sentencing him to 11 years imprisonment for aggravated robbery. Mr. Sturgill contends the trial court did not properly balance the seriousness and recidivism factors, R.C. 2929.12. Finding no error, we affirm.

{¶2} June 29, 2014, Mrs. Gayle Gurto, aged 71, was entering a Wal-Mart in Ashtabula Township, Ohio. She walked with crutches. Just inside the entry, she was jumped by Mr. Sturgill, who grabbed her purse, and swung Mrs. Gurto with such force that she was thrown six feet. She suffered damage to her rotator cuff, and cannot undergo surgery to repair it, due to other medical conditions. Mrs. Gurto can no longer clean her house, cook, or drive a car. She lives in fear of leaving her house.

{¶3} Mr. Sturgill admitted he committed the crime because he needed money for drugs. Mr. Sturgill was 23 at the time of the offense. His family is from Ashtabula County. His mother appears to have suffered from some mental disorder. She is a methamphetamine addict. His father evidently enjoyed beating Mr. Sturgill. His mother kicked him out of home at a young age, and he drifted into Cleveland, where he lived until he was 16, before returning to Ashtabula County. He began using methamphetamines himself at 11, and later became addicted to heroin as well. He first encountered the judicial system at 13, when he was charged with what would be assault if committed by an adult. He had several further charges brought against him as a juvenile. Once he was placed on probation, and ordered to follow the recommendations of a drug and alcohol evaluation, which he did not, ending up spending 45 days in detention. Since becoming an adult, Mr. Sturgill has been charged with and convicted for numerous misdemeanor offenses in Ashtabula County. He was on probation at the time of the instant offense. Mr. Sturgill attributes his criminal conduct to the need for money to support his drug habits. He has been hospitalized for mental disorders, evidently because he was hearing voices or becomes suicidal. Mr. Sturgill attributes his delusions to his drug use.

{¶4} By an indictment filed July 23, 2014, Mr. Sturgill was charged with aggravated robbery, a felony of the first degree in violation of R.C. 2911.01(A)(3); theft, a fifth degree felony in violation of R.C. 2913.02(A)(1)(B); and felonious assault, a second degree felony in violation of R.C. 2903.01(A)(1). He pled not guilty.

{¶5} November 24, 2014, Mr. Sturgill moved the trial court for a competency evaluation, which motion was granted. The evaluation determined he was competent to stand trial.

{¶6} March 17, 2015, Mr. Sturgill entered a written plea of guilty to aggravated robbery, and the remaining charges against him were dismissed.

{¶7} Sentencing hearing went forward May 15, 2015. By a judgment entry filed May 18, 2015, the trial court sentenced Mr. Sturgill to a maximum sentence of 11 years imprisonment. This appeal timely followed, Mr. Sturgill assigning a single error: "The trial court erred by sentencing the defendant-appellant to 11 years in prison without considering statutorily-required sentencing factors."

{¶8} "R.C. 2953.08(G) and the clear and convincing standard should be applied to determine whether a felony sentence is contrary to law. *See, e.g.*, *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶10, * * *; *State v. Drobny*, 8th Dist. Cuyahoga No. 98404, 2013-Ohio-937, ¶5, fn.2; *State v. Kinstle*, 3rd Dist. Allen No. 1-11-45, 2012-Ohio-5952, ¶47, * * *; *State v. Cochran*, 10th Dist. Franklin No. 11AP-408, 2012-Ohio-5899, ¶52, * * *.

{¶9} "In reviewing a felony sentence, R.C. 2953.08(G) provides:

**{¶10}** "'(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

**{¶11}** "'The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

**{¶12}** "'(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**{¶13}** "'(b) That the sentence is otherwise contrary to law.'

**{¶14}** "Although trial courts have full discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12." (Parallel citations omitted.) *State v. Ernest*, 11th Dist. Lake No. 2014-L-108, 2015-Ohio-2983, ¶60-66.

**{¶15}** Mr. Sturgill contends the trial court failed to balance the seriousness and recidivism factors set forth at R.C. 2929.12. R.C. 2929.12(C)(4) provides that sentencing courts must consider any "substantial grounds" which mitigate an offender's conduct. Mr. Sturgill points to the fact that this is his first felony conviction; that he admitted he acted due to his drug addiction; that he had a grim childhood of abuse and

4

neglect; and, that he was never entered into any drug treatment program during one of his numerous incarcerations. He further points to R.C. 2929.12(E)(4), which mandates a sentencing court consider whether a crime was "committed under circumstances not likely to recur"; and R.C. 2929.12(E)(5), which requires an offender's genuine remorse be considered in sentencing. Mr. Sturgill observes he read a letter of apology to Mrs. Gurto at his sentencing, and implies that with treatment, during a shorter period of incarceration, he can overcome his disease, and thus, not return to a life of crime.

{¶16} We note the trial court specifically stated in its judgment entry of sentence that it had "balanced the seriousness and recidivism factors." We further quote the trial court's observations at the sentencing hearing:

{¶17} "The Court has looked at the recidivism factors. Recidivism is very likely in your case. Since turning 13, you haven't stopped.

{¶18} "The Court's looked at the seriousness factors. You have irreparably injured a 71-year old woman, and you have hurt her entire family. There was serious injury to a person.

{¶19} "The more serious factors greatly outweigh the less serious factors."

{¶20} R.C. 2929.12(D)(2) and (3) require a sentencing court to consider an offender's prior criminal history, and whether he or she has responded favorably to prior sanctions, in determining whether the offender is likely to re-offend. R.C. 2929.12(B)(2) requires a sentencing court to consider whether the victim of the crime suffered serious physical or psychological injury as a result. In this case, the trial court clearly took these factors into account. It is a defendant's burden to show a sentencing court did not balance the R.C. 2929.12 factors, or that the sentence imposed is ""strikingly

5

inconsistent" with the statutory factors as they apply to his case.'" *State v. Bigley*, 9th Dist. Medina No. 08CA0085-M, 2009-Ohio-2943, ¶14, quoting *State v. Rutherford*, 2d Dist. No. 08CA11, 2009-Ohio-2071, ¶34. Given the permanent physical and psychological injuries to Mrs. Gurto, Mr. Sturgill has not met this burden.

{¶21} The assignment of error lacks merit.

{¶22} The judgment of the Ashtabula County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.