[Cite as *State v. Crandall*, 2016-Ohio-7920.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

ASHTABULA COUNTY, OHIO


STATE OF OHIO,                                  :          **O P I N I O N**

           Plaintiff-Appellee,           :

       - vs -                              :          CASE NO.  2016-A-0030

ROBERT E. CRANDALL,                   :

           Defendant-Appellant.          :


Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2015 CR 00702.

Judgment: Affirmed.


*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Richard E. Hackerd,* 231 South Chestnut Street, Ravenna, OH 44266 (For Defendant-Appellant).


DIANE V. GRENDELL, J.

{¶1}    Defendant-appellant, Robert E. Crandall, appeals from his conviction and sentence for two counts of Felonious Assault in the Ashtabula County Court of Common Pleas. The issues to be determined by this court are whether trial counsel was ineffective by failing to request a "lesser included" jury instruction for Aggravated Assault based on "serious provocation" when the evidence showed that the victim threatened the defendant and punched his car but the defendant drove away and later returned to commit the assault, and whether the

trial court properly considered the requisite sentencing factors when it did not state its findings on each factor. For the following reasons, we affirm the judgment of the lower court.

{¶2} On December 16, 2015, Crandall was indicted by the Ashtabula County Grand Jury for two counts of Felonious Assault (Counts One and Two), felonies of the second degree, in violation of R.C. 2903.11(A)(2); and Felonious Assault (Count Three), a felony of the second degree, in violation of R.C. 2903.11(A)(1).

{¶3} On February 8, 2016, Crandall filed a Motion to Dismiss Count Three for not providing him adequate notice as to the elements for which he was charged.

{¶4} A trial was held on February 8 and 9, 2016. The following pertinent testimony was presented.

{¶5} Mary Hall testified that on the morning of December 1, 2015, she was driving in Conneaut, with Samuel Strait. While she was stopped at a stop sign, a person whom she had never seen, but identified at trial as Crandall, pulled up next to them in a green truck and stated "does your old lady know that you're trying to have sex with my old lady?" Strait exited the car "to say something to him." Both men were "angry" and yelling, and Hall noticed that Crandall was so angry that "his veins were coming out of his forehead." Crandall opened his door and Hall saw that he had a hammer in his hand. Crandall then drove off. According to Hall, Strait returned to the car and she began to drive. Strait "wanted to get out and get some air" and she let him out of the car. As Hall continued driving, she noticed that the truck was following her and she made a left "to go to the police station." She then noticed that the truck was gone. She looked down the road and saw Strait "laying in the middle of the road."

{¶6} Strait testified that, while in Conneaut, the two "apparently" drove by Crandall's home. A few blocks down the road Strait realized Crandall was driving behind them, "chasing

2

[them] down." The two men had prior conflicts in relation to a woman they had both dated. The two "had some words across the road," Crandall "pulled right up on the car [Strait] was in and started wielding a hammer, some threats." Strait ran toward the truck's window and Crandall drove away. After Strait and Hall drove away, Strait asked to be let out of the car to get some air and walk home. While he was walking, Crandall drove up and "clipped [him] with the front of his pickup truck." He bounced off the truck and while he was lying on the ground, Crandall began attacking him with a claw hammer. This resulted in a few puncture wounds and a broken foot.

{¶7} Strait admitted he had a problem with Crandall in relation to the woman they had both dated, that Crandall "destroyed [his] family," and he agreed that when Crandall threatened him he returned the threats.

{¶8} Several people witnessed portions of this incident. Douglas Johnson, who was working in Conneaut, saw "a guy [Strait] throw his arms up and spin around." Johnson was not sure if he had been hit by the truck or was jumping out of the way. He then saw another man "get out of the truck and start wailing on this guy" with an object in his hand. After the attack, the assailant's truck was on the "curb lawn" and then drove away. Darrell Perry was driving in Conneaut on the date of the incident and saw a person being beaten with "a pipe or a bat." The assailant had exited from a green truck.

{¶9} Patrolman Joseph Schor of the Conneaut Police Department responded to the scene, where he observed Strait lying "in the tree lawn." He photographed tire tracks going over the "curb lawn." Patrolman Schor matched the tire pattern on the ground to Crandall's truck tires. Crandall told him he suspected Strait threw a brick at his window that day. Chief Charles Burlington observed a broken window at Crandall's residence.

{¶10} Justin Fiala, Crandall's nephew, testified for the defense. On December 1, 2015, at around 9:00 a.m., inside the home he shared with Crandall, he heard "shattering glass and noises outside." He saw Strait standing outside "with his arms up in the air." He did not know what object may have been thrown to cause the breaking glass. Strait then drove away and Fiala and Crandall "jumped into the truck to go get his license plate number."

{¶11} They approached Strait's vehicle at a stop sign. Fiala testified that Strait exited and "punched" the truck and was screaming at Crandall, "trying to encourage him to fight." Crandall and Fiala then went to his mom's house to make a phone call to police, but were unable to do so. They then began to drive to Fiala's aunt's house. According to Fiala, while driving they saw Strait walking on the sidewalk, and he began "yelling and throwing his arms up again." Crandall then "pulled up on to the curb and slammed it into park," and jumped out of the vehicle. Fiala observed Strait, who had "dropped down to the ground * * * kicking up at [Crandall's] chest." Fiala testified that Crandall did not have anything in his hands when he exited the truck.

{¶12} At the close of the evidence, defense counsel requested jury instructions for the lesser included offense of Assault, which were given.

{¶13} On February 9, 2016, the jury found Crandall guilty of two counts of Felonious Assault (Counts One and Two). On February 10, 2016, a Judgment Entry was filed, in which the court granted the Motion to Dismiss Count Three.

{¶14} A Judgment Entry was filed on February 19, 2016, memorializing the jury's verdict.

{¶15} A sentencing hearing was held on March 30, 2016. At the hearing, the parties agreed the offenses should merge for the purposes of sentencing. Crandall's counsel noted that the assault arose from a woman "playing both of these guys [Crandall and Strait] against each

4

other." Crandall stated that he had an anger issue which related to his upbringing and which he has tried to have treated, unsuccessfully. The State emphasized that Crandall used a deadly weapon, has a lengthy criminal history, has consistently committed acts of violence, showed a lack of remorse, and indicated that it believed he had lied in the pre-sentence investigation. The court merged Count One into Count Two and ordered Crandall to serve a four-year prison term.

{¶16} A Judgment Entry of Sentence was filed on April 7, 2016, which outlined the foregoing sentence.

{¶17} Crandall timely appeals and raises the following assignments of error:[1]

{¶18} "[1.] Defendant was unconstitutionally denied effective assistance when trial counsel failed to request instruction on the lesser included offense of Aggravated Assault.

{¶19} "[2.] The Trial Court committed reversible error when it failed to fully consider the purposes of felony sentencing in ORC 2929.11 and the sentencing factors in ORC 2929.12."

{¶20} In his first assignment of error, Crandall argues that trial counsel was ineffective by failing to request a jury instruction on the lesser included offense of Aggravated Assault.

{¶21} To prevail on an ineffective assistance of counsel claim, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "There is a general presumption that trial counsel's conduct is within the broad range of competent professional assistance." *State v. Snowden*, 11th Dist.

---

1. This matter was scheduled for oral argument on November 9, 2016. On that date, both parties waived oral argument.

Trumbull No. 2014-T-0092, 2015-Ohio-2611, ¶ 28, citing *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989).

{¶22} As this court has held, "aggravated assault is not a lesser included offense of felonious assault * * *. Instead, the former is an inferior degree of the latter." (Citations omitted.) *State v. Jordan,* 11th Dist. Trumbull No. 2005-T-0049, 2006-Ohio-3425, ¶ 15, fn. 1; *State v. Pifer*, 11th Dist. Portage No. 2013-P-0032, 2014-Ohio-1363, ¶ 17. "The Supreme Court of Ohio has explained that 'an offense is an "inferior degree" of the indicted offense where its elements are *identical* to or contained within the indicted offense, except for one or more additional mitigating elements which will generally be presented in the defendant's case.'" (Emphasis sic.) *Jordan* at ¶ 15, fn. 1, citing *State v. Deem*, 40 Ohio St.3d 205, 209, 533 N.E.2d 294 (1988).

{¶23} For Felonious Assault, the State was required to prove that the defendant did knowingly "[c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." R.C. 2903.11(A)(2). To prove Aggravated Assault, the State must prove those exact elements, except that the crime must also be committed "while [the defendant is] under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force." R.C. 2903.12(A)(2).

{¶24} "[I]n a trial for felonious assault, where the defendant presents sufficient evidence of serious provocation [the additional mitigating element], an instruction on aggravated assault must be given to the jury." *State v. Nichols*, 11th Dist. Lake No. 2005-L-017, 2007-Ohio-5219, ¶ 15, quoting *Deem* at paragraph four of the syllabus.

6

{¶25} To be considered "serious," the provocation "must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force. In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time." *Deem* at paragraph five of the syllabus.

{¶26} A two-part inquiry has been conducted when analyzing whether there is sufficient evidence of adequate provocation. *State v. Hale*, 11th Dist. Portage No. 2007-P-0015, 2007-Ohio-6244, ¶ 66. First, "an objective standard must be applied to determine whether the alleged provocation is reasonably sufficient to bring on a sudden passion or fit of rage." *State v. Mack,* 82 Ohio St.3d 198, 201, 694 N.E.2d 1328 (1998). The provocation "must be occasioned by the victim" and "must be sufficient to arouse the passions of an ordinary person beyond the power of his or her control." *State v. Shane*, 63 Ohio St.3d 630, 635, 637, 590 N.E.2d 272 (1992). "If the objective standard is met, the inquiry shifts to a subjective standard, to determine whether the defendant in the particular case 'actually was under the influence of sudden passion or in a sudden fit of rage.'" (Citations omitted.) *Hale* at ¶ 66.

{¶27} In the present case, the record does not show evidence of provocation sufficient to warrant an Aggravated Assault instruction. Crandall claims that he was provoked by Strait breaking the glass of the window on his home (although it was not shown how), by cursing at and threatening him when the two cars were stopped, and by punching his truck at that time.

{¶28} Regardless of whether these events would be of the type that would be "sufficient to arouse the passions of an ordinary person beyond the power of his or her control," the evidence did not establish that, at the time Crandall assaulted Strait, he acted under the influence

of serious passion or in a sudden fit of rage. According to Strait and Hall, after all of the events Crandall alleges caused his "fit of rage" ended, Crandall drove off and Strait began walking. According to Fiala's testimony, after the confrontation at the stop sign, he and Crandall drove to his mother's house to use the wireless connection to make a phone call, had difficulty doing so, and then began to drive toward his aunt's house, when they encountered Strait. Strait also described the truck leaving, he and Hall driving a few hundred yards, him getting dropped off, walking down the sidewalk, and then being hit by the truck. While it is unclear how long this took, there was a period of time during which the two men were separated which would have allowed Crandall to cool off. As this court has previously held, when a confrontation had ceased and the defendant "had the opportunity to leave the scene" but instead struck the victim with his vehicle, "the evidence did not establish that appellant acted under the influence of serious passion or in a sudden fit of rage." *Pifer*, 2014-Ohio-1363, at ¶ 18. In the present case, Crandall not only had the opportunity to leave, but did leave and was no longer involved in a confrontation with Strait at the time of the assault.

{¶29} Fiala testified that, when he and Crandall encountered Strait walking, just before the assault, Strait again began "yelling and throwing his arms up." This is not enough to be considered a second confrontation sufficient to justify the assault. "Words alone will not constitute reasonably sufficient provocation to incite the use of deadly force in most situations." *Shane,* 63 Ohio St.3d 630, 590 N.E.2d 272, at paragraph two of the syllabus. Under the circumstances of this case, Strait yelling while Crandall was driving by did not constitute serious provocation that would "arouse the defendant into using deadly force." *Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294, at paragraph five of the syllabus.

8

**{¶30}** Given the foregoing, there was not sufficient evidence of serious provocation to give a jury instruction for Aggravated Assault. It follows, then, that trial counsel was not ineffective for failing to request that such an instruction should be given.

**{¶31}** The first assignment of error is without merit.

**{¶32}** In his second assignment of error, Crandall argues that the court "failed to consider the relevant facts" in sentencing, "considered only the criminal record and the need to punish," and did not discuss the other factors in R.C. 2929.11 and .12.

**{¶33}** The overriding purposes of felony sentencing in Ohio "are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). A sentencing court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A).

**{¶34}** The Ohio Supreme Court has described a sentencing court's discretion as "full discretion to impose a prison sentence within the statutory range." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. "[T]he trial court is not obligated, in the exercise of its discretion, to give any particular weight or consideration to any sentencing factor." *State v. Holin*, 174 Ohio App.3d 1, 2007-Ohio-6255, 880 N.E.2d 515, ¶ 34 (11th Dist.).

{¶35} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, or * * * [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b).

{¶36} We find that the court committed no error in sentencing Crandall. He generally contends that the court did not consider all of the relevant statutory factors. In its Judgment Entry of Sentence, the court stated that it considered the record, oral statements, the victim impact statement, the purposes and principles of sentencing under R.C. 2929.11, and the R.C. 2929.12 sentencing factors. This court has repeatedly held that "a trial court is only obligated to *consider* the relevant factors; there is no requirement to make specific findings or use specific language during the sentencing hearing." (Citation omitted.) *State v. Jackson*, 11th Dist. Lake No. 2014-L-124, 2015-Ohio-2608, ¶ 21.

{¶37} A review of the sentencing hearing transcript also shows that the court considered and evaluated all of the evidence before it. In fact, it recognized that Crandall's statement at sentencing "shows a lot of insight" and noted that problems in Crandall's past may have "brought you to the situation that you are in now." However, the court emphasized that this was a serious offense, Crandall had a long criminal record, and prior attempts to intervene by the justice system had not been successful. This, as well as the statements in the Judgment Entry, evidence the fact that the court evaluated the pertinent factors in reaching its sentence. It is the burden of the defendant to show a sentencing court did not balance the R.C. 2929.12 factors, or

that the sentence imposed is "'strikingly inconsistent' with the statutory factors as they apply to his case." (Citation omitted.) *State v. Rutherford*, 2d Dist. Champaign No. 08CA11, 2009-Ohio-2071, ¶ 34; *State v. Sturgill*, 11th Dist. Ashtabula No. 2015-A-0029, 2016-Ohio-3117, ¶ 20. Crandall has failed to meet the burden to prove that the court did not consider the required factors and does not show that the sentence was unsupported by the record or contrary to law.

{¶38} The second assignment of error is without merit.

{¶39} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed. Costs to be taxed against the appellant.


TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.